CHAS. SMITH, ALIAS CHARLES TARVER, v. STATE.

No. 2222.   Decided February 5, 1913.

**Theft—Insufficiency of the Evidence.**

Where, upon trial of theft, the evidence did not show that the alleged suit of clothes which was found in defendant's possession was identified as the property of the alleged owner, the conviction could not be sustained.

Appeal from the County Court of Tarrant. Tried below before the Hon. R. E. Bratton.

Appeal from a conviction of misdemeanor theft; penalty, ninety days in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—Appellant by complaint and informa-
tion was charged with the theft of a suit of clothes of the value of
$10, the property of Will Monnig. He was convicted and his punish-
ment fixed at ninety days confinement in the county jail.

The judgment is attacked solely on the ground that the evidence is
insufficient to sustain the verdict. The evidence· as contained in the
record is very meager.

William Monnig testified that he was in the mercantile business
in Fort Worth, Texas, indentifying his place of business; that he
had full charge thereof; that he did not give appellant permission
or authority to take any clothes owned by him, either out of his
store or out of the boxes situated on a vacant lot leased by him
just back of his store or out of the boxes in the alley between the lot
and his store, and if he did so it was without his consent; that he
knew nothing of any clothes having been stolen from him; that the
alley is a public alley of Fort Worth, and he did not know who put
the boxes on the lot or the alley. William Walker testified that on
Friday and several other days before the Wednesday night that ap-
pellant is charged with this offense that appellant and Govnor
Peace, a negro working for Monnig, were talking together and seemed
to be rather chummy; that it aroused his suspicion against the negro
employe; that on the Wednesday appellant is charged with this of-
fense a little Mexican found a suit of clothes in a box on the lot
back of Monnig's store which belonged to Monnig and that the wit-
ness and Mr. Wandry, both employes of Monnig at his store, agreed
to watch the boxes back of the store; that about 7:30 p. m. on that
day Govnor Peace came into the alley between Monnig's store and
the lot where he had his boxes; that they had lunch and a bucket of
beer, but no other bundle than the lunch; that when they reached a
box in the alley, Govnor Peace pushed one box off the other and
fumbled around in the lower box and took from it a bundle wrapped
in brown paper, and when they sat down they laid this bundle be-
tween them while they ate their lunch. After eating appellant took
the bundle up and both of these negroes went towards the end of
the alley, Peace in the lead, and when he reached the street made a
motion to appellant and appellant tore off the paper, took out the suit
of clothes, threw it across his arm and went on to the street and
turned east and went out of his sight; that the suit of clothes was a
dark blue with a small stripe. The next morning he found a suit of
Monnig's clothes in the box that he saw them take the bundle out
of, the evening before. He produced that suit and the one the Mexi-
can had found, in court on the trial and exhibited them. That he
saw four white men eat lunch about forty feet from these negroes
when they ate their's; that when appellant disappeared around the
building he (witness) ran down the stairs of the store where he was

watching them and attempted to go out at the front door, but finding it locked, was delayed somewhat in getting out. After he got out he and Mr. Wandry saw the negro Govnor Peace on 12th street go into the back door of a saloon across the street from where he left the alley. One of them went in the front and the other the back door of the saloon and got Govnor Peace and later turned him over to the officer.

William Smith testified that about 7:30 or 8 p. m. on the Wednesday appellant was charged with this offense appellant came into his store; that he kept a second-hand store, and appellant offered to sell him a dark blue, or black suit of clothes; the witness was across the table from the appellant at the time; that it was dusk outside and pretty dark inside, he could not tell whether they had stripes on them or not; that appellant offered to take $7.50 and the witness would have given him $4.50 for them; that when witness declined to buy, appellant took the clothes and left and the witness had not seen him since; that about a half hour later the officer came to this witness inquiring about the clothes and he told the officer what he knew.

Mr. Bell, said officer, a city detective, testified that he was called over the 'phone to where the witness Walker and Mr. Wandry were with Govnor Peace and he arrested Peace and took him to the city hall, then went from one second-hand store to another when he received the information concerning the suit of clothes having been offered for sale; that he arrested the appellant the next day.

This is in substance the whole of the testimony. It does not appear that the suit of clothes the defendant had was the property and identified as such of Monnig. They seem never to have been recovered from anyone.

In our opinion the evidence is insufficient to sustain the verdict. The judgment is, therefore, reversed and the cause remanded.

*Reversed and Remanded.*