## MARCELINA SAENS v. THE STATE.

No. 10891.   Delivered May 4, 1927.

**Theft of Hog—Evidence—Held Insufficient.**

Where, on a trial for theft of a hog, the only evidence presented was that appellant killed and carried away a white hog, and that prosecuting witness had lost a white hog. In the absence of any identification of the hog killed by appellant, as the hog lost by complaining witness, the evidence must be held insufficient, and the judgment reversed.

Appeal from the District Court of Gonzales County.   Tried below before the Hon. Lester Holt, Judge.

Appeal from a conviction for theft of a hog, penalty two years in the penitentiary.

The opinion states the case.

*Duncan & Davis* of Gonzales, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney; for the State.

BAKER, JUDGE.—The appellant was convicted of hog theft, and his punishment assessed at two years in the penitentiary.

The only question presented in this record that demands our attention is the alleged insufficiency of the evidence to warrant the conviction. The record discloses that the appellant was jointly indicted with Joe Spitzenberg and Manuel Salazar for the theft of a hog belonging to Dewey Hollmark. The prosecuting witness, Hollmark, testified that the hog owned and missed by him was a white gilt about four months old and weighing about seventy-five or eighty pounds that had been running on the outside. He further testified that he did not know the exact date on which he last saw the hog in question, but that he saw it on "the day before it was taken." The state introduced in evidence a statement made by appellant to the County Attorney to the effect that he and co-defendant Spitzenberg went rabbit hunting on the date alleged in the indictment, with Spitzenberg carrying the gun; that when they reached Peach Creek they "struck a bunch of hogs. Joe Spitzenberg shot a white shoat. When I heard the shot I went to where Spitzenberg was and we gutted the hog and threw the guts in the creek, put the meat in a sack and went back to Manuel's house." This is the extent of the testimony offered by the state.

The appellant took the stand in his own behalf and testified

to leaving Salazar's house with the intention of going rabbit hunting, and that when he and Spitzenberg reached a point near Peach Creek they separated. He further testified that he heard a shot, whereupon he went to where Spitzenberg was and saw a dead hog; that they "gutted" the hog, put it in a sack and carried it home; that he didn't know Joe Spitzenberg was going to kill the hog; that he couldn't speak English and Spitzenberg couldn't speak Spanish; and that they skinned the hog after they reached Salazar's house. Upon cross-examination by the state, appellant testified that he was forty or fifty yards from Spitzenberg and out of his sight when the shot was fired.

The appellant contends that the evidence is insufficient to establish that the hog in question was the property of the prosecuting witness Hollmark, and after a careful examination of the statement of facts we are constrained to hold that this contention is well founded. Hollmark testified to missing a white gilt, and appellant's testimony was to the effect that Spitzenberg killed a white hog near Peach Creek. There was no evidence introduced showing the sex of the hog killed, or that it was killed upon or near the range frequented by Hollmark's hog; in fact, there was no evidence, other than as above set out, tending to show that the hog killed belonged to Hollmark. We are of the opinion that the evidence fails to show, with that degree of certainty required by law, that the hog killed by Spitzenberg was that missed by Hollmark, and therefore conclude that the trial court erred in refusing to grant a new trial.

For the error above discussed, the judgment of the trial court is reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.