FRANK FLORES V. THE STATE.

No. 21745. Delivered November 19, 1941.

The opinion states the case.

*T. B. Bartlett, Jr.,* of Marlin, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of a sheep. The punishment assessed is confinement in the State penitentiary for a term of two years.

Appellant's first contention is that the evidence is insufficient to sustain his conviction. It was charged in the indictment that on or about the 18th day of January, 1941, and anterior to the presentment of the indictment, Frank Flores, in the county of Falls and State of Texas, did fraudulently take one sheep, the same being the corporeal personal property of J. W. Williams from the possession of said J. W. Williams and without the consent of the said J. W. Williams, etc.

The testimony adduced by the State, briefly stated, shows that on the 18th day of January, 1941, Mr. Hay, Sheriff of Falls County, was informed that a car wreck had occurred on the highway known as the Lott Chilton Road. He went immediately to the place of the accident and found there had been a collision between two cars, one of which belonged to the defendant, Frank Flores, and the other to some parties from Houston. In the car of the appellant, the sheriff noticed a sheep. Appellant was absent at the time but the witness later found him at a Mexican dance hall, where he was arrested.

Mr. J. W. Williams testified in substance that he lived in the town of Marlin; that he was in the dairy and livestock business and had some sheep; that in January of this year (1941) he lost one sheep; that he got it back from Mr. Hay, the sheriff; that he did not give anyone permission to take his sheep. He was then asked by the District Attorney as to whether or not he knew that the sheep in question was his sheep, to which he replied, "I feel like it was. * * * It was a grade rambouillet. The kind that I got back was a rambouillet." On cross-examination by the defendant he was asked as to whether he

knew definitely that this was his sheep, to which he replied, "I say again, I feel like it was."

The State offered in evidence a purported written confession by appellant, which was dated January 20, 1941. The pertinent part thereof is as follows:

"Last Saturday late in the afternoon me and Rosalio Gonzalez took John Garcia home. * * * After we had put John out, we came on back on the Cedar Springs Road over across the river, and I saw some sheep and I noticed that one of them was out in the road. I stopped the car and caught it and put it in my car. I did not know who it *belong* to and I was going to take it home with me. We had a wreck before we got to Marlin and I was arrested by the officers and I had the sheep in the car at the time I was arrested."

Appellant took the witness-stand, repudiated his confession as being a voluntary one and testified that at the time of the wreck there was a sheep in his car; that he had picked up a boy on the road who had it with him and put it in the car; that the boy's name was Peter Alonzo; that after the wreck he came to town to get somebody to pull his car in; that he did not know what had become of Peter Alonzo. Appellant denied that he took Mr. Williams' sheep.

The officers before whom the alleged confession was made testified that the proper warning had been given appellant and that no force, persuasion or coercion was used in obtaining the same.

It is the established rule in this State that where the property is alleged to have been stolen from a certain named and designated person, the proof must show beyond a reasonable doubt that such property belonged to the person from whom it is alleged to have been stolen; and unless the proof meets this requirement, a conviction is not justified. See Tex. Jur. Vol. 2, p. 908, sec. 145; Saens v. State, 107 Tex. Cr. R. 2; Smith v. State, 69 Tex. Cr. R. 335; Johnson v. State, 36 Tex. Cr. R. 394.

It is obvious from the testimony given by Mr. Williams that he was uncertain as to whether or not the sheep in question really belonged to him. If the owner of the alleged stolen animal was in doubt as to whether or not it belonged to him and there

being no other evidence to show that he was the owner thereof, we admit that we are at a loss to understand how the jury could find beyond any reasonable doubt that the animal in question belonged to Mr. Williams, the alleged owner. In our opinion, the evidence is entirely too indefinite and uncertain to show that the sheep in question was the one which Mr. Williams had lost. No marks of identification upon the animal were shown by which it might have been distinguished from any other sheep of its kind. Therefore, the evidence is insufficient to meet the requirements of the law that the guilt of the defendant must be established by legal and competent evidence beyond a reasonable doubt.

In view of the disposition which we are making of this case, we deem it unnecessary to discuss any of the other matters complained of.

Having reached the conclusion that the evidence does not justify and sustain the conviction, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.