ALFRED RAY NOLLEY v. STATE

No. 33,936.   January 3, 1962

*F. T. Gauen, Jr.,* Dallas, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

McDONALD, Judge.

The offense is cattle theft; the punishment, ten years.

The State's testimony reflects that sixteen head of cattle were missing from the place of Horace Morgan near Naples; that a chain on the gate had been broken; that a truck with dual wheels had backed up to his loading chute; that Morgan later saw the cattle on the J. T. Humphries place in Van Zandt County; that new brands were peeling off on the cattle; that appellant had leased a place near the Sabine River that adjoined Humphries'; that appellant hauled some cattle there in a pickup truck; that rains caused the fences to wash out along the river; and that it was not unusual for cattle to get out.   It was further shown that some of the stolen cattle were found on, and driven from, the nearby McCain place to Humphries' by J. B. Rabe, who thought that they belonged to Humphries, and that the cattle stayed there some three weeks until they were taken back to the owner.   Appellant purchased a dual wheel truck some time before the cattle were stolen, and a dual wheel truck had been seen on his place. After the cattle were returned, appellant asked Humphries if he had seen stray cattle; and, after being informed that the cattle had been returned, he told Humphries to forget about it, because he had been in trouble about some cattle that had been stolen. Appellant left town, and sometime later he was seen in jail in Tulsa, Oklahoma.

Appellant did not testify.

Appellant contends that the trial court erred in overruling his motion to quash the indictment, because it did not allege that the offense occurred in Cass County.   The allegation was: "* * * that anterior to the presentment of this indictment, in the County of Cass and State of Texas, Alfred Ray Nolley * * * did then and there unlawfully and fraudulently take one head of cattle * * *. " This allegation was held sufficient in Heath v. State, 156 Tex. Cr. R. 563, 244 S.W. 2d 815.

The evidence is insufficient to support the conviction; there is no proof that appellant took the cattle in question, had them on his place, in his possession, or asserted that he owned them.

"To sustain a conviction it should not only appear that an offense as charged has been committed, but there should also be proof to a degree of certainty greater than a mere probability or strong suspicion tending to establish that the party charged was the person who committed it or was a participant in its commission. There must be legal and competent evidence pertinently identifying the defendant with the transaction constituting the offense charged against him." 4 Branch's Ann. P. C. 2d, p. 363, sec. 2053. See cases there cited.

The judgment is reversed and the cause is remanded.