**Frank L. ROBERTS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36702.**

Court of Criminal Appeals of Texas.

April 15, 1964.

McDONALD, Judge.

The offense is sheep theft with two prior felony convictions less than capital alleged for enhancement purposes; the punishment, life imprisonment in the state penitentiary.

The State relied upon circumstantial evidence and the testimony of one Tommy M. Barnes, an accomplice witness. Appellant did not testify and urges that the evidence is not sufficient to sustain the jury's verdict.

Bill Coffee testified that he was returning from a picnic with his family on the fourth of July when he saw a red truck in Mr. Eddie Leibold's pasture with a cloud of dust around it. The truck was not moving, and a bunch of goats were running from the area. The truck was a kind of delivery van with three or four lines of white lettering on it, but he (Coffee) did not know what the lettering said. Two men were visible, one in the pasture wearing Levis and the one by the truck wearing white. Coffee testified that he drove to a house and told two men that he, "had seen some men after Mr. Leibold's goats * * *". The next day, the fifth of July, Coffee, in the company of Sheriff Miller and Special Ranger Jimmy DeLesderneir, went to appellant's barbeque stand, saw ap-

pellant, and a truck which looked like the the truck Coffee had seen the previous day in Leibold's pasture.

Tommy M. Barnes, accomplice witness, testified that he worked for appellant and was doing so the day in question. He and appellant went to put some signs up advertising the barbeque place and later appellant suggested that, "We get some sheep". Appellant stopped the truck on the road and he (Barnes) went over the fence and chased and caught one of the sheep. The sheep was handed over the fence to appellant who asked Barnes to get some more, but Barnes was unable to do so. They later returned to appellant's property and butchered the sheep, then put it on the pit and cooked it. Barnes further testified that he burned the hide; that the next day they were arrested and after the arrest were placed in jail. The next day Barnes was taken back to the appellant's property and the sheep hide dug up. It was further shown that when Barnes told the Grand Jury about the theft, he did not know the sheep had been stolen from John Buchanan.

R. B. Miller, Sheriff of Bandera County, identified appellant in the courtroom and testified that he went to appellant's barbeque place with a warrant for his arrest and arrested him. Miller told appellant that they had a warrant for his arrest and asked if they could look around, to which appellant replied, "Help yourself. You can look over the whole place if you want to", and "I have nothing to hide". A search of the property was made and bloody clothes and rope were found in his vehicle, appellant stating the clothes were his. The clothes were taken to Bandera and turned over to Special Ranger, DeLesderneir. On the sixth of July, he (Miller) went back to appellant's property in the company of the Ranger and Barnes and the sheep hide was dug up. Sheriff Miller further testified that he knew the property under lease to Mr. Buchanan, known as the Thompson place, and that he had been there many times. He described the property in question and stated it was all in Bandera Coun-

ty; that he went to the property with the accomplice witness Barnes, Barnes stating that that was the property where he stole a sheep.

Deputy Sheriff Ed Johnson's testimony reiterated the arrest of appellant and the search of his property. He also described Buchanan's property and stated he had been there many times and recalled sink holes about 300 yards off the highway as described by accomplice witness Barnes.

Special Ranger Jimmy DeLesderneir's testimony coincided with that of Sheriff Miller, and Deputy Johnson as to the arrest and search of appellant and his property.

C. W. Maupin, chemist for the Texas Department of Public Safety, testified that the shirt and pants taken from appellant's truck at the time of his arrest contained either sheep or goat blood and that the trousers contained strands of wool but that he could not tell what sheep or goat the wool and blood had come from.

John Buchanan testified that he was the lessee of the property in question and identified the markings on the sheep hide as identical to his mark; that he had lost sheep and that he did not give appellant permission to come on his place and remove any sheep. On cross-examination Buchanan testified that he was not saying the hide in question was his, but only that it contained his mark. Through the custodians of the records in Real and Bandera Counties, it was shown that John Buchanan had not recorded the mark in question in either County.

Records of the District Clerk in Kimble and Bandera Counties were introduced and reflected that S. W. Dunnam had registered an identical mark as that on the sheep in question in Kimble County and that W. S. Marshall had the same mark registered in Bandera County.

Roselle Robinson, a ranch hand on property adjoining that of John Buchanan,

testified that in the last eight months 75 goats and probably 50 sheep had been lost to coyotes and that John Buchanan had also been losing sheep to coyotes.

Rancher Eddie Leibold testified that he hardly ever knows how many goats he has.

It was further shown that W. S. Marshall did not own property in Bandera County at the time of the offense.

■ It is the well settled law in this state that a conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows the commission of the offense.

■ The indictment alleges that the theft was from John W. Buchanan, and it is well settled in this state that where property is alleged to have been stolen from a certain named and designated person, the proof must show beyond a reasonable doubt that such property belonged to the person from whom it is alleged to have been stolen. Unless the proof meets this requirement, a conviction is not justified. Tex.Jur.2d p. 224, Sec. 177 and cases cited therein; see also Flores v. State, 142 Tex.Cr.R. 589, 155 S.W.2d 932.

After separating the chaff from the evidence presented, we find the only evidence which tends to connect appellant with the offense in question other than the testimony of the accomplice is the hide found on appellant's property and Buchanan's testimony that the hide bore his mark. On cross-examination when asked, "Well, can you positively say this is your hide?" Buchanan replied, "I certainly cannot. But it's my mark." And later when asked, "As I understand it, you're not identifying this hide at all?" Buchanan replied, "No."

■ In the light of other testimony showing other persons claiming and registering the mark in question, the ownership of the sheep has not been adequately proven.

· The testimony concerning the clothes and sheep or goat's blood does not corroborate the testimony of accomplice witness Barnes as it is entirely consistent with the lawful operation of a barbeque business. It is not contradicted that appellant was in that business.

Further, the testimony concerning the red truck seen on Leibold's property does not aid the state's case as appellant is not charged with the theft of a sheep from Leibold.

Thus, relying on Flores v. State, supra, and Nolley v. State, Tex.Cr.App., 352 S.W. 2d 731, we conclude that the evidence is not sufficient to support the verdict of the jury.

The judgment of the trial court is reversed and the cause remanded.

WOODLEY, P. J., dissents.