Isaac **PEREZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 38451.

Court of Criminal Appeals of Texas.

Oct. 27, 1965.

Rehearing Denied Dec. 8, 1965.

Second Motion for Rehearing Denied Jan. 19, 1966.

Raeburn Norris, Houston, Nago L. Alaniz, San Diego, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is cattle theft; the punishment, two years.

■ The indictment alleged the theft of three cattle from Roy Yaeger on March 21, 1964. Yaeger testified that he was away from home in the hospital on the night three calves were delivered to the auction barn at Alice by one Samuel Torres. Appellant was with Torres at the time, and they were traveling in appellant's pickup. The primary question presented is the sufficiency of the evidence to show that the calves were the property of Yaeger. The calves were not marked or branded, and Yaeger did not remember seeing them prior to the theft and did not see them thereafter. Appellant relies upon our recent holding in Roberts v. State, Tex.Cr.App., 377 S.W. 2d 656, wherein we said " * * * it is well settled in this state that where property is alleged to have been stolen from a certain named and designated person, the proof must show beyond a reasonable doubt that such property belonged to the person from whom it is alleged to have been stolen."

It is clear that the State failed to meet this burden until near the end of the case when on cross examination of appellant the following occurred:

"Q. But you well knew that these calves were stolen from Mr. Roy Yaeger's ranch, did you not?

A. I know now.

* * * * * *

"Q. Isaac, isn't it the truth that Samuel Torres talked to you at Hinojosa's Auto Parts down here, and that afternoon, on Saturday, he says, 'We can use my truck, go over and load the calves over at Mr. Roy Yaeger's ranch. Mr. Roy Yaeger is not here. He's out of town, and we can load them up and take them to the sale at Edinburg where no one will see us.' Isn't that what you agreed with Samuel Torres to do."

A. Well, he wants to do it, and I told him, I said, 'You can use my pick-up,' and I agreed to go with him."

While it is true that appellant denied that he received any of the proceeds of the sale, he did admit that Torres agreed to pay him $25.00 for the trip and that he and Torres made a trip with the calves to Edinburg, but later unloaded the calves at the auction barn in Alice. It is also true that appellant at one juncture in his testimony denied that he participated in the thefts, but the jury had the right to reject that part of his testimony and accept the quoted portion above. We are aware of no authority holding that the thieves must share equally in the fruits of the theft. When appellant agreed to accept $25.00 for the use of his pickup to be used in an unlawful venture, he became as much a principal as if this agreement were to share the proceeds equally.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

DICE, Commissioner.

■ In his motion for rehearing, appellant urges for the first time that the

court erred in permitting the state to impeach its own witness, Inoe Perez, who was the appellant's brother.

An examination of the record reflects that the witness, Inoe Perez, was called by the state and testified that during the early morning hours of Sunday, March 22, 1964, his brother, the appellant Isaac Perez, and Samuel Torres came to his house and told him that they had taken some calves to the auction and wanted him to go the following Tuesday afternoon and get the check; that he went to the auction on Tuesday and got the check, payable to Samuel Torres in the sum of $226. That night, appellant and Torres came to his home and the witness gave the check to Torres. The two left and soon returned, stating that they could not get the check cashed. Torres asked the witness to cash the check. The witness thereupon cashed the check by giving Torres two of his personal checks, one payable to the appellant's brother in the sum of $100 and the other payable to Torres's wife in the sum of $126.

While being questioned on direct examination, the witness testified that he did not know where the cattle came from and denied that appellant and Torres told him the cattle came from the Roy Yaeger ranch. The witness then was questioned, over appellant's objection that the same was hearsay, with reference to making a statement to Mr. Gordon Lansford, and denied that he told Mr. Lansford: " 'They told me that they had taken three calves from the Roy Yaeger ranch and tried to sell them at a sale in Edinburg earlier that night, but they couldn't because the auction place was closed.' " He also denied that he told Lansford he did not know where the cattle came from.

The statement made by the witness was not introduced in evidence.

Gordon Lansford was thereafter called as a witness by the state and testified, without objection, that in his investigation of the theft of the three head of cattle he obtained a statement from the witness Inoe

Perez in which Perez stated that the appellant and Samuel Torres told him they "had taken three calves from the Roy Yaeger ranch and tried to sell them at a sale in Edinburg earlier that night, but they couldn't because the auction place was closed."

We perceive no reversible error.

Remaining convinced that a proper disposition was made of the case on original submission, the motion for rehearing is overruled.

Opinion approved by the Court.