**Robert Louis GREGO, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42918.**

Court of Criminal Appeals of Texas.

June 2, 1970.

Rehearing Denied July 15, 1970.

Curtis Renfro, Vernon, Richard D. Bird, Childress, for appellant.

Bill Neal, Dist. Atty., Vernon, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for theft of property over the value of $50.00; the punishment, five years.

A container filled with oxygen of the value of $59.50 was stolen from Val Blake, who operated a salvage yard near Vernon. Testimony concerning the arrest and search was given by Pat King, a highway patrolman of the Texas Department of Public Safety. At approximately nine-thirty o'clock at night, Patrolman King saw an automobile without lights come out of a private driveway at Blake's Salvage Yard. The lights were not turned on until after the automobile had traveled some one hundred yards down from the highway. King knew that the business was closed and observed that the automobile had out-of-county license plates. Following the automobile into Vernon, he saw the appellant, who was driving, make a right turn at an intersection without giving a signal. Thereafter, he stopped him in a well-lighted place. Patrolman King had observed another man riding in the front seat. When King shined his flashlight into the car, a third man who had been lying down in the back seat raised up. King then shined the flashlight on him and observed a large object covered with three coats lying on the back floorboard. He then leaned over and pulled the coats back with a flashlight and saw that the object was an oxygen container such as the ones used in Blake's Salvage Yard. King then arrested the three men for theft.

Val Blake was called that night, and he identified the oxygen container as being identical with one that had been removed from his premises after he had closed his business at five o'clock that night.

Appellant contends that the court erred in permitting Patrolman King to testify about finding the oxygen container over the objection that it was found as a result of an illegal search.

Patrolman King's testimony shows that he saw appellant drive down a public highway at night without lights in violation of Article 6701d, Sec. 109(a), Vernon's Ann. Civ.St., and make a right-hand turn onto U.S. Highway 287 toward Chillicothe without giving a signal in violation of Article 6701d, Sec. 68, V.A.C.S. King had authority to arrest appellant for either traffic violation. Article 6701d, Sec. 153, V.A.C.S. His testimony further shows that after he stopped the car appellant showed an expired Montana driver's license. Appellant told him that the car belonged to Bob Daniels who was in the car. Upon checking the other men in the car, he found that neither was Bob Daniels and that the car did not have an inspection sticker, and because of this, he thought that the car was stolen.

█ After the automobile was stopped, King saw the third man in the back seat as well as the covered object which gave him additional grounds to believe that theft or burglary had been committed. In Taylor v. State, Tex.Cr.App., 421 S.W.2d 403, this Court held that once a bona fide stop or arrest has been made for a traffic offense and an officer acquires probable cause on a more serious charge, he may arrest for that offense and incident thereto conduct an additional search for physical evidence. The officer followed the car approximately one mile, and under the circumstances, he wisely waited to stop it in a well-lighted place.[1] He had the right to make the search of the back seat and floorboard of the car to protect himself from possible injury especially after the third man came into view. See Terry v. Ohio, 392 U.S. 1,

---

1. After the arrests were made, officers found some ammunition in the automobile. A subsequent search near the scene of the arrest resulted in the finding of a .38 caliber pistol on the ground. No evidence of the pistol or the masks, gloves or burglary tools found in the trunk of the car in a later search was admitted before the jury.

88 S.Ct. 1868, 20 L.Ed.2d 889, Cox v. State, Tex.Cr.App., 442 S.W.2d 696, and Thornton v. State, Tex.Cr.App., 451 S.W. 2d 898.

The court did not err in permitting the officer to testify, because the uncontradicted testimony shows that the arrest and search were legal.

Complaint is made that the evidence is insufficient to show that the oxygen container was stolen from Val Blake and that appellant committed the theft.

Val Blake testified that he closed his business at five o'clock p.m., the day in question, and did not give appellant or anyone permission to enter his property or take an oxygen container; that State's Exhibit No. 2, the container which was in the car appellant had been driving, was a freshly painted green oxygen bottle of the kind furnished by his supplier and kept at the salvage yard. He also testified that he had twenty-six full bottles when he closed, and when he checked his place of business the next morning there were only twenty-five full bottles. When he saw the recovered bottle the night of the arrests, it appeared from its size, the new paint job and the labels that it was one of his bottles.

On cross-examination Blake testified that there were no definite means of identifying the bottle when he saw it the day of the trial but that he was one bottle short.

Appellant cites Flores v. State, 142 Tex. Cr.R. 589, 155 S.W.2d 932, for the proposition that the proof must show beyond a reasonable doubt that the property belonged to the person from whom it is alleged to have been stolen. In that case there were no identifying marks on the sheep in question, and the evidence was too indefinite and uncertain to prove ownership. He also relies upon Freeman v. State, Tex.Cr.App., 417 S.W.2d 412.

The facts in the cases cited by appellant are not as strong as in the present case

where appellant was seen coming out of the salvage yard and was arrested after he had carried the oxygen bottle, identical in every respect to the oxygen bottle stolen the same evening, from the premises. The facts and circumstances set out above, viewed most favorable to the State, are deemed sufficient to sustain the jury's finding and to exclude every reasonable hypothesis other than that appellant participated in the theft of the oxygen container and that it was taken from the possession of Val Blake.

In Orr v. State, 161 Tex.Cr.R. 529, 278 S.W.2d 301, the alleged owner of the stolen calf testified after he saw the head and hide of the calf which the sheriff had on storage that he could not positively identify the hide and head, but it looked like his and he felt that it was his calf. The calf was unbranded and unmarked. Clothes and other items belonging to Orr were found on the premises of the alleged owner where the calf was being butchered and where the unidentified thieves fled when an officer approached. There the court held that the above and other circumstances were sufficient to establish ownership and that Orr participated in the theft.

The evidence is sufficient to support the conviction.

Appellant complains that the court erred in refusing "to instruct the jury that there was a question of fact involved on the illegality of the search which produced the oxygen container that was introduced into evidence."

An instruction requested by the appellant was given. It instructed the jury in substance not to consider the evidence relating to the finding of the oxygen container unless they believed that at the moment of the arrest the officer had knowledge of facts and circumstances to warrant a prudent man to believe that the defendant had committed or was committing an offense.

The testimony of the witness Tom Young is relied upon to raise the issue of

an illegal arrest. Tom Young testified that he saw the salvage yard the morning of the trial and that one would have to be within approximately one hundred fifty feet of the yard to see a car leaving. Patrolman King had previously testified that from a distance of approximately two or three hundred feet from the salvage yard, he saw the car appellant was driving.

Patrolman King testified, and there was no evidence to the contrary, that appellant committed two traffic violations and the circumstances caused him to believe that theft had been committed.

■ The testimony of Tom Young did *not relate to the grounds (or lack thereof)* for the arrest and such testimony did not raise a fact issue for the jury. Corbitt v. State, Tex.Cr.App., 445 S.W.2d 184.

No error is shown.

Appellant next contends that the court erred in his charge on circumstantial evidence. The court required the jury to believe from the evidence beyond a reasonable doubt that the appellant committed the offense charged. Complaint is made that the court did not charge that the jury must believe that the appellant *"and no other person"* committed the offense charged.

■ The evidence shows that two other persons were with the appellant and is sufficient to show that they were participants in the theft. In Odell v. State, 95 Tex.Cr. R. 360, 254 S.W. 977, the same contention was raised and overruled. There this Court stated the correct rule and held:

> "[W]hen there is evidence supporting a theory that the accused and others committed the offense, it would be an error against the state for the court to instruct the jury that they must believe to a reasonable and moral certainty that the accused 'and no other person' committed the offense."

No error is shown.

The judgment is affirmed.