### J. A. GILES V. THE STATE.

No. 8419.   Decided June 4, 1924.

Rehearing denied June 18, 1924.

**1.—Abstracting Funds from a Bank—Charge of Court.**

Where, upon trial of unlawfully abstracting funds from a bank, defendant complained of the court's refusal of his two requested charges one of which was covered by the main charge, and the other was not the law of the case, there is no reversible error.

**2.—Same—Charge of Court—Variance—Proof—Indictment—Consent.**

Where, upon trial of unlawfully abstracting funds from a bank, defendant's requested charge sought to have the jury instructed to acquit him upon the ground that there was a variance between the allegation and the proof, in that the indictment charged that the money was abstracted from the Park Springs Bank without the consent of the directors of the bank, and that the proof showed that appellant was a director and there was no proof of want of his consent to such abstraction, held that the same is untenable, as the bank was a corporation, and the testimony showed that the board of directors thereof had given appellant no consent.

Appeal from the District Court of Wise. Tried below before the Honorable F. O. McKinsey.

Appeal from a conviction of unlawfully abstracting funds from a bank; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Frank J. Ford,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney and P. L. Gettys, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Wise County of abstracting funds from a bank, and his punishment fixed at five years in the penitentiary.

The record contains no bills of exception. Two special charges were asked and refused. One was covered by the main charge, and the other presents the only question to which we will devote any discussion. Same sought to have the jury instructed to acquit upon the ground that there was a variance between the allegation and the proof, in that the indictment charged that the money was abstracted from the Park Springs Bank without the consent of the directors of the bank, and that the proof showed that appellant was a director and there was no proof of want of his consent to such abstraction.

Five men constituted the directors of said bank, one of whom was appellant. He was also cashier at the time of the alleged commission of the offense and on that date disappeared from his home, and it was discovered that the time-lock of the safe in the bank had been set to open three days later at which time same was opened and a check of the assets of the bank disclosed that a large sum of money was missing. A woman was used as a witness by the State who testified that she left Park Springs, by agreement with appellant, and met him in Kansas City and they went around over the United States and Canada together for some time after that, and that during the time they were together appellant told her that he had taken $2700 of the bank's money. We attach no importance to appellant's contention that it was necessary to prove his own consent to the abstraction of the bank's money in order to make out a case of guilt. The bank was a corporation and each of the other four directors testified that the board of directors as such had given appellant no consent to abstract the funds of the bank and that each of them as individuals gave no such consent. This sufficiently showed such abstraction as to violate the law. Harper v. United State, 33 Fed. Rep., 484; Breese v. United States, 106 Fed. 685.

No error appearing in the record, the judgment will be affirmed.

*Affirmed*

[Rehearing denied June 18, 1924. Reporter.]