James Earl BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 43322.

Court of Criminal Appeals of Texas.

Dec. 16, 1970.

Blassingame, Hendley, Dade & Watson, by Joe K. Hendley, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., Edgar A. Mason and W. T. Westmoreland, Jr., Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the felony offense of theft of property of the value of over fifty dollars. The punishment was assessed by the jury at two years.

The record reflects that appellant drove the get-away car after another man had stolen a typesetting machine from the Wilson Engraving Company in Dallas.

Robert McClary, an employee of the engraving company, testified that on the 4th day of September, 1968, he saw a man take a typesetting machine out of the building and followed him to the alley. He did not get a good look at the man's face but did get an opportunity to observe the driver of the car that the thief entered and later identified appellant in court as the driver.

McClary wrote down the license number as the car drove away and gave it, along with the description of the car, to a police officer who investigated the theft.

After obtaining the license number, the officer went to the home of appellant, who lived with his mother and brother, and saw a 1966 Fairlane Ford that had the same license number which fit the description given by McClary.

Appellant's defense was alibi.

In the first ground of error, it is contended that the proof did not show that the typesetting machine was of the value of $50.00, or over, at the time the theft was alleged to have been committed.

It was alleged that the theft was committed on or about September 4, 1968. The trial was started on the 25th day of June, 1969. Eugene L. Green, vice president of the engraving company, testified that the current market value of the stolen typesetting machine was $2500. There was neither an objection to Green's testimony as to the value nor a contest of the proof of value during the trial.

In Pigg v. State, 162 Tex.Cr.R. 521, 287 S.W.2d 673, the owner testified that he "hoped" his automobile had a reasonable value of over $50. He also testified that he paid $3,000.00 for the car less than a month before it was stolen. Overruling the complaint that there was no proof made as to the value of the car, this Court said, "Were the question of value more closely contested, we would probably require, and the State would probably have introduced, more evidence on the question, * * *." See also Morris v. State, Tex.Cr.App., 368 S.W.2d 615.

■ The above uncontested and uncontradicted proof in October of 1969 is sufficient to show the value of the machine to have been $50.00, or more, on September 4, 1968.

In the second ground of error it is contended that the evidence is insufficient to show that Eugene Green, the alleged owner, had possession of the machine at the time it was stolen, because Green testified that he was at another plant at the time.

Green testified that he had the care, custody and control of the machine on the date in question and that it was taken without his consent.

■ This proof was sufficient under Article 1415, Vernon's Ann.P.C., which defines possession as the exercise of actual control, care and management of the property.

Easley v. State, 167 Tex.Cr.R. 156, 319 S.W.2d 325, relied upon by appellant, is not in point. There the proof showed that the alleged owner, the president of a corporation, did not have the custody, care or control of the property alleged to have been stolen.

The second ground of error is overruled.

In the last two grounds of error, complaint is made to the admission of evidence offered by the State. No objection was made to this testimony during the trial.

■ Absent objections, or a showing that appellant did not have an opportunity to object, at the time the evidence was offered, these grounds of error are overruled. See Mason v. State, Tex.Cr.App., 459 S.W.2d 855, and 5 Tex.Jur.2d, Sec. 39, p. 61.

There being no reversible error, the judgment is affirmed.