**Clinton ROBERTS and Steve Wheeler, Appellants.**

v.

**The STATE of Texas, Appellee.**

**No. 48252.**

Court of Criminal Appeals of Texas.

Sept. 24, 1974.

Daniel R. Rutherford, San Antonio, for appellants.

Jim D. Vollers, State's Atty., and Larry Gist, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

The convictions were for felony theft; the punishment in each case, four (4) years.[1]

On August 25, 1972, while on routine patrol, Captain Leroy Schneider of the Seguin Police Department came upon appellants at approximately midnight back of the Peppertree Motel in Seguin. Appellants were loading chain from the rack of a truck cab into the back seat of appellant Roberts' father's car. Officer Schneider arrested appellants, then summoned Ernest Rosales, the driver of the truck, from his room in the motel. Rosales identified the chains in the back seat of the car as the chains which had been on his truck. At trial Rosales testified that he worked for the Dahlstron Corporation, that Jack

Dahlstron was his boss, and that "Dahlstron Corporation" was written on the side of the truck. Photographs of the truck also showed that "Dahlstron Corporation" was written on the side of the truck. The alleged owner of the chains, Jack Dahlstron, did not testify.

Appellants contend that the evidence was not sufficient to show ownership in Jack Dahlstron as alleged.

The indictments charge that appellants did "fraudulently take and steal certain property . . . , the same being the corporeal personal property of Jack Dahlstron." Appellants contend that this allegation of ownership was never proved. We agree.

■ It is a cardinal principal of law that all essential averments in an indictment must be proved as alleged. Easley v. State, 167 Tex.Cr.App. 156, 319 S.W.2d 325 (Tex.Cr.App.1959); 1 Branch's Ann. P.C.(2d), Sec. 2627, p. 73, and cases there cited. The record contains no evidence that Jack Dahlstron owned the property in question. It may be inferred that the Dahlstron Corporation owned the chains.

■ Where one person is alleged to own property, but it is shown to be owned by another, or by a corporation, the State has failed to prove the ownership as alleged. Freeman v. State, 417 S.W.2d 412 (Tex. Cr.App.1967); Roberts v. State, 377 S.W. 2d 656 (Tex.Cr.App.1964); Easley, supra; Williams v. State, 276 S.W. 282 (Tex.Cr. App.1925). Cf. York v. State, 511 S.W.2d 517 (Tex.Cr.App.1974).

■ To be distinguished is the instance where one person is in custody or control of property belonging to another. There an allegation of ownership in either the actual owner or the "special owner" will be sufficient. Art. 21.08, Vernon's Ann.C.C. P.

1. On original submission we dismissed the appeal for lack of a proper sentence in a non-published per curiam opinion. By supplemental transcript it now appears that appellant has been properly sentenced and notice of appeal has been timely given. Accordingly, we reinstate the appeal and consider the case on the merits.

This rule applies to corporate ownership as well, and the usual practice is to allege ownership in the employee who has custody and control of the property. Castillo v. State, 469 S.W.2d 572 (Tex.Cr.App.1971); Porter v. State, 172 Tex.Cr.R. 366, 357 S. W.2d 401 (Tex.Cr.App.1962).

 Here, however, Jack Dahlstron was not shown to be either the actual owner or the "special owner." The State has failed to prove its allegations, and for this reason the convictions must be reversed.

The judgments are reversed and the causes remanded.

Opinion approved by the Court.