**Aaron HENDERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61906.**

Court of Criminal Appeals of Texas, Panel No. 3.

Jan. 16, 1980.

Tom Mills, Dallas, for appellant.

Henry Wade, Dist. Atty., Stanley Keeton, and Daniel P. Clark, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, TOM G. DAVIS and W. C. DAVIS, JJ.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for the offense of credit card abuse. The indictment alleged, for enhancement purposes, two prior felony convictions. The record indicates that appellant entered a plea of guilty to the charged offense in exchange for a ten-year sentence and the dismissal of the two enhancement paragraphs. On December 12, 1978, the trial court found appellant guilty of credit card abuse and assessed punishment at ten years' confinement in the Texas Department of Corrections. The record reflects that before appellant entered his plea of guilty to the charged offense, he filed a motion to quash the indictment. This motion was denied. We affirm.

In his sole ground of error, appellant asserts that the indictment was defective

for failure to allege that the cardholder, "Newman and Melton, Inc.," was a corporation. The import of his argument appears to be that the indictment did not give him notice that Newman and Melton, Inc., was a corporation.

In *Thurmond v. State*, 30 Tex.Cr.R. 539, 17 S.W. 1098 (Ct.App.1891), cited to us by appellant, it was held that "where an indictment is for the theft of property of a corporation, it must not only describe the corporation by its correct corporate name, but should also allege that it was a corporation." In *Thurmond*, the complainant was the Lexington Ranch Company. The court said, "The indictment in the case at hand is fatally defective, in that it does not allege that the Lexington Ranch Company was a corporation."

This Court, in *Middleton v. State*, 476 S.W.2d 14 (Tex.Cr.App.1972), overruled *Thurmond, supra*, stating:

"Absent a showing that appellant was misled by the failure to allege that the injured party was a corporation, we overrule the *Thurmond* holding that such omission automatically renders the indictment fatally defective." Id. at 17.

In the instant case, the indictment does not allege that Newman and Melton, Inc., was a corporation. It seems to us, however, that it is a matter of common knowledge that the abbreviation "Inc.," stands for "incorporated" and that accordingly, when confronted with an indictment alleging the complainant to be incorporated, a criminal defendant must be said to have been aware that he was charged with an offense, the victim of which was a corporation. Under these circumstances, it does not appear that appellant could have been misled by the failure of the indictment to aver that the complainant was a corporation. Accordingly, appellant's ground of error is overruled.

The judgment is affirmed.