Billy Wayne GIBBS, Appellant,

v.

The STATE of Texas, Appellee.

No. 59316.

Court of Criminal Appeals of Texas,
Panel No. 3.

Dec. 17, 1980.

Rehearing Denied Feb. 4, 1981.

James W. Patterson, Houston, for appellant.

Carol S. Vance, Dist. Atty., and Ray Howard, and Susan W. Crump, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, PHILLIPS and DALLY, JJ., and QUENTIN KEITH, C.

## OPINION

QUENTIN KEITH, Commissioner.

Appellant was charged by complaint and information with theft under the provisions of V.T.C.A., Penal Code, § 31.03(d)(3), a Class A misdemeanor. The jury found him guilty as charged and fixed his punishment at confinement in jail for 365 days and a fine of $1,000.

Appellant's first ground of error complains of the action of the court in overruling his motion for an instructed verdict because "the State failed to prove the allegations as set out in the information as to ownership."

It was charged in the information that appellant did:

"... then and there unlawfully appropriate property, namely, ONE METRIC SOCKET KIT, owned by MONTGOMERY WARD AND COMPANY, INCORPORATED, hereafter styled the Complainant, of the value of over twenty dollars and under two hundred dollars, with the intent to deprive the Complainant of the property, and without the effective consent of the Complainant ...."

We address the first ground of error in detail since it is dispositive of the appeal.

The State's first witness was William Warren Smith who testified that he was employed at "Montgomery Ward Store at 2222 Spencer Highway in Pasadena, Texas", as a security investigator. He told of his being secreted in an observation booth above the hardware department "in the store" when he saw appellant take a socket set from a display rack and secrete it in his pants after pulling his shirt over the socket set to conceal it. Smith identified the socket set retrieved from appellant on the parking lot. He gave no other testimony concerning ownership of the socket set.

Roland Uresti, a part time employee of "Montgomery Ward in Pasadena", assisted in the apprehension and subjection of appellant but gave no testimony concerning ownership of the socket set.

Frances Nijoha, "Department manager at Montgomery Ward in Pasadena", was in charge of the hardware and electrical department. She testified that the socket set introduced in evidence had a value of $39.88, and that she did not "give anyone permission to take a socket set from Department 84 on July 13, 1977, preferably Mr. Billy Wayne Gibbs." After the trial court changed a ruling, this witness testified that "the cost of that socket set to Montgomery Ward" was approximately $22.50 but that "[t]he selling price is $39.88" plus sales tax.

Smith, being recalled, testified that he did not give appellant permission to take "that socket set from that store without paying for it."

Appellant's motion for an instructed verdict, a portion of which is copied below,[1] was overruled. The motion was explicit and State's counsel did not seek leave to reopen the cause or to meet the complaints urged in the motion.

The rule relating to averment of ownership in theft actions is not new to the Texas practice. Indeed, as early as 1852, in *Langford v. State*, 8 Tex. 115, 116, the court noted:

> "The rule is, that, where one person has the general, and another a special property in the thing, the property may be averred, in the indictment, to be in either."

Indeed, Article 2386, 1 Paschal's Annotated Digest 464 (4th Ed. 1875), sets out Art. 749 of the original criminal code effective February 1, 1857, in this language:

> "It is not necessary, in order to constitute theft, that the possession and ownership of the property be in the same person at the time of taking."

This old statute was the genesis of the present language found in Vernon's Ann.C. C.P., art. 21.08, as last amended in 1967. The State, in the case at bar, did not allege any special ownership; instead, it chose the hard way by alleging general ownership in a particular corporation.

The State was then faced with the rule stated in *Freeman v. State*, 417 S.W.2d 412, 418 (Tex.Cr.App.1967):

> "It is well established that where property is alleged to have been stolen from a certain named and designated person, the proof must show beyond a reasonable doubt that such property belonged to the person from whom it is alleged to have been stolen. Unless the proof meets this requirement, a conviction cannot be sustained. *Roberts v. State*, 377 S.W.2d 656."

This Court, in *Easley v. State*, 167 Tex. Cr.R. 156, 319 S.W.2d 325, 326 (1959), articulated the burden of the State in this manner:

> "It is a cardinal principal of law that descriptive averments in an indictment must be proved as alleged.
>
> " 'The allegation of ownership of the alleged stolen property, being descriptive and essential, must be proved as laid.' "[2]

As noted in the summary of the evidence, no witness testified that Montgomery Ward and Company, Incorporated, owned the socket set. Under these circumstances, we are led to the ineluctable conclusion that reversible error has been demonstrated. We say, as we did in *Roberts v. State*, 513 S.W.2d 870, 871 (Tex.Cr.App.1974): The State has failed to prove its allegations, and for this reason the conviction must be reversed. *Accord: Carter v. State*, 510

---

1. The motion, dictated into the record and ruled upon from the bench, read in part: "No. 2, the defendant would move for an instructed verdict on the basis that the State has not proved who the owner of the property is. They have brought evidence forward showing Montgomery Ward Store, Montgomery Ward Department Store, but not anybody by the name or any corporation by the name of Montgomery Ward and Company, Incorporated, as set out in the indictment [sic], has not been named herein and that the State has failed to prove what is alleged in the indictment. They have never proved—never shown any evidence that Montgomery Ward and Company, Incorporated is the owner or was the owner of said set in question namely, State's Exhibit No. 1 [the socket set]."

2. The quotation used by the Court is from Branch's P.C., Sec. 2627 (2d Ed.).

S.W.2d 323, 326 (Tex.Cr.App.1974); *Araiza v. State*, 555 S.W.2d 746 (Tex.Cr.App.1977).

Having held that there is a fatal variance between the evidence adduced upon the trial and the information, we must reverse the judgment of the trial court. Under the rules enunciated in *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), we are compelled to order the dismissal of the prosecution. *Doty v. State*, 585 S.W.2d 726, 728 (Tex.Cr.App.1979).

The judgment is reversed and the prosecution dismissed.

Opinion approved by the panel.

DALLY, J., dissents.