Deborah Kaulity GALLEGOS, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–81–0010–CR.

Court of Appeals of Texas,
Amarillo.

Dec. 10, 1981.

Discretionary Review Granted
March 10, 1982.

Storrs, Woodburn & Stokes, Douglas R. Woodburn, Amarillo, for appellant.

John H. Tull, Jr., County Atty. Pro-Tem, John L. Owen, Asst. County Atty., Amarillo, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

BOYD, Justice.

Appellant Deborah Kaulity Gallegos appeals from her conviction for misdemeanor theft. The jury assessed punishment at a fine of $100.00.

Appellant has briefed three grounds of error. Because we find her first ground presents reversible error, we do not reach other issues raised by this appeal.

By her first ground of error, appellant contends the State presented no evidence that the owner of the property did not consent to the taking of such property. The State's information alleges that appellant appropriated "one electric hair curling iron ... from the owner, Furr Food Store # 51, Amarillo, Potter County, Texas, Art Haar, Manager, without the effective consent of the owner...." At trial, the State called Art Haar, who testified he was a store manager for *Furr's Supermarket # 51.* He further stated he managed, had charge of, and was responsible for everything in the store, and that he had care, control and custody of all merchandise in the store. In addition, Haar asserted that the curling iron in question was an item "Furr's" had offered for sale on or about the date of the alleged theft, and that he had not given appellant Gallegos permission to take it out of the store without first paying for it. The State presented no other evidence concerning the owner's lack of consent to appellant's taking of the curling iron.

The information upon which appellant was charged, while inartfully drawn, is sufficient to allege ownership of the property in Furr Food Store # 51 as general owner and Art Haar as special owner, Tex.Code Crim.Pro.Ann. art. 21.08 (Vernon Supp. 1980–1981); Tex. Penal Code Ann. § 1.07(a)(24), (28) (Vernon 1974); * *Easley v. State,* 167 Tex.Cr.R. 156, 319 S.W.2d 325 (1959), and that the taking was without consent of either. It is within the province of the State to allege ownership in this manner. *Id.* If, however, it chooses to so charge, it assumes the burden of establishing and proving ownership and lack of consent on the part of both parties. *Id.* at 326, 319 S.W.2d 325.

There is no testimony in the record that the *Furr's Supermarket # 51,* referred to by Art Haar, is one and the same entity as the *Furr Food Store # 51* alleged in the information. Further, there is no testimony as to what type of entity Furr Food Store # 51 might be, nor is there testimony

---

* Tex.Code Crim.Pro.Ann. art. 21.08 (Vernon Supp. 1980–1981) provides in part:

When one person owns the property, and another person has the possession of the same, the ownership thereof may be alleged to be in either.

Tex.Penal Code Ann. § 1.07(a)(24), (28) (Vernon 1974), provides:

"Owner" means a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor.

\* \* \* \* \* \*

"Possession" means actual care, custody, control or management.

as to the *official* capacity (if any) of Art Haar with the entity known as Furr Food Store # 51 or his authority (if any) to speak for such entity. Neither is there testimony in the record that Furr Food Store # 51 was the owner of the curling iron in question. We are, therefore, compelled to conclude that the State failed to prove the material allegations of ownership and lack of consent on the part of Furr Food Store # 51.

We sustain appellant's ground of error one. Having found that reversal must result, as the evidence is insufficient, the Supreme Court's decision in *Burks v. U. S.*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), dictate that no further prosecution be had in this case. *Bonds v. State*, 573 S.W.2d 528 (Tex.Cr.App. 1978).

The judgment is reversed and acquittal is ordered.