**Anna Bell BOYETTE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–81–594–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

April 29, 1982.

George Karam, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MILLER, Justice.

Appellant was convicted of third degree felony theft after a trial by a jury. The trial court assessed punishment at five (5) years confinement in the Texas Department of Corrections. We find no error in the judgment below and affirm.

The relevant facts are as follows. Jetronics Inc. was a small company dealing in the sale of electronic, radar and aircraft equipment. Appellant served as both vice president and secretary of the corporation and owned approximately 38% of the shares of stock. Appellant's primary involvement with Jetronics, however, was her employ-

ment as company bookkeeper which authorized her to write checks on the corporation accounts.

The evidence at trial was undisputed that in September and October of 1978, appellant wrote two checks for her own benefit on a Jetronics' account. The first check was in the amount of $5,000 and was used by appellant as a down-payment on the purchase price of a new automobile. A second check for $4,000 was executed by appellant to her son-in-law for his use in the purchase of a jeep. Testimony at trial by the president of Jetronics, Leroy McLean, revealed the company never authorized appellant's personal use of corporation funds. Based on this evidence the jury convicted appellant of felony theft.

Appellant raises three grounds of error on appeal, two of which can be considered together. Appellant maintains the trial court erred in entering judgment and in failing to set aside her conviction and grant her a new trial because there was a fatal variance between the name alleged in the indictment and the name proved, thereby making the evidence insufficient to establish ownership in the named owner. Specifically, appellant points out the indictment alleged ownership of the stolen property in "Jetronics," when the true name of the owner as shown in the evidence was "Jetronics, Inc." This variance, according to appellant, was material and fatal, and, as a result, the state failed to establish ownership of the property.

■ We disagree. We do not see this variance as fatal, nor do we believe the evidence was insufficient to establish ownership of the stolen property. It is an established principle of Texas criminal law that all essential averments in an indictment must be proved as alleged. *Gibbs v. State*, 610 S.W.2d 489 (Tex.Cr.App.1980); *Roberts v. State*, 513 S.W.2d 870 (Tex.Cr.App.1974); *Easley v. State*, 167 Tex.Cr.R. 156, 319 S.W.2d 325 (1959); *Card v. State*, 156 Tex.Cr.R. 442, 242 S.W.2d 369 (1951). Where one person is alleged in an indictment to be the owner of certain property, but the property is shown at trial to be owned by another, the state has failed to

prove the ownership as alleged. *Gibbs, supra; Freeman v. State*, 417 S.W.2d 412 (Tex.Cr.App.1967); *Roberts v. State*, 377 S.W.2d 656 (Tex.Cr.App.1964).

■ We do not see the facts of this case, however, as coming within the weight of the above cited authority. The evidence adduced at trial revealed ownership of the property in "Jetronics," which is in complete agreement with the name alleged in the indictment. Even though the "true" name of the owner was Jetronics, Inc., the testimony was uncontroverted that Jetronics and Jetronics, Inc. were one and the same, and that Jetronics, Inc. was generally referred to as Jetronics. We therefore see no variance between the name alleged in the indictment and the name proved. If a variance did exist at any point in the testimony, it was not of a fatal or material nature when seen in light of the overall testimony.

The leading cases by the Court of Criminal Appeals dealing with fatal variances between the name alleged in an indictment and the name proved can be distinguished from the instant case. Although not the earliest case, the most commonly cited decision in this area is *Easley v. State*, 167 Tex.Cr.R. 156, 319 S.W.2d 325 (1959). In *Easley*, the indictment charged theft of $6,000 from "the corporeal personal property of H. E. Butt." The proof at trial, however, revealed H. E. Butt Grocery Co. was the owner of the stolen money and the case was reversed because of the variance.

*Easley* is easily distinguished because its indictment alleged ownership in a person (H. E. Butt) while the evidence proved ownership in a corporation (H. E. Butt Grocery Co.). In the instant case the same corporation was alleged and proved. Here, there is no possibility of confusion as existed in *Easley*. *See also: Roberts v. State*, 513 S.W.2d 870 (Tex.Cr.App.1967), which found a fatal variance existed where the indictment averred ownership in Jack Dahlstron while the proof revealed ownership in Dahlstron Corporation.

The more recent case of *Gibbs v. State*, 610 S.W.2d 489 (Tex.Cr.App.1980), is closer

to the facts of the instant case but can still be distinguished. In *Gibbs*, the indictment alleged theft of a metric socket kit from "Montgomery Ward and Company, Incorporated." Three store employees testified that the "Montgomery Ward Store in Pasadena" was the true owner of the stolen property. Since no evidence was presented that Montgomery Ward and Company, Incorporated was the true owner, the Court of Criminal Appeals saw the variance as fatal and reversed the case. In the instant case, however, there was ample proof that "Jetronics" was the owner of the stolen property which matched the name alleged in the indictment. *Gibbs* does not control this case.

■ Further, this Court sees no possibility of the misidentification or confusion that is so often present in cases where a fatal variance exists between the name alleged and the name proved. A fatal variance between an owner's or a complainant's name and the name proved by the evidence violates concepts of adequate notice grounded in the Due Process Clause. A defendant has not been fully appraised of the charges against him if the state is able to claim one thing in the indictment but later prove another at trial. This due process notion was present in *Easley*, where ownership was alleged in a person but proven to be in a corporation, and in *Gibbs*, where a large corporation was alleged but ownership was shown to exist in a single store.

Here, appellant cannot claim lack of adequate notice or that she was misled by any variance. In her supplemental ground of error appellant asserts her position as a director and an officer of Jetronics. Therefore, it was unlikely appellant did not receive adequate notice as to the identity of the owner of the alleged stolen property. Unless there is a showing that appellant was misled by the indictment's failure to show ownership in a corporation, this omission cannot render the indictment fatally defective. *Henderson v. State*, 592 S.W.2d 613 (Tex.Cr.App.1980); *Middleton v. State*, 476 S.W.2d 14 (Tex.Cr.App.1972).

Appellant further maintains a fatal variance exists because "Jetronics" was not an assumed corporate name filed in accordance with Article 2.05 of the Texas Business Corporation Act (Vernon 1980), and that the only official name the owner could be was "Jetronics, Inc." Appellant is attempting, however, to make it a fatal variance for an indictment to fail to conform to the Texas Business Corporation Act. Such is not the law in this state and appellant can find no support for this proposition in the case law or statutes. In addition, the state never attempted to prove any assumed name for Jetronics, Inc. under Art. 2.05 or Section 36.01 et seq., Tex.Bus. & Com.Code Ann (Vernon Supp.1981), but only that the company was generally known as "Jetronics." No fatal variance exists.

■ Appellant's argument the evidence was insufficient to prove ownership and to establish lack of consent also falters when the record is examined. As mentioned above, testimony was elicited that Jetronics, Inc. was referred to by customers, employees and people in the community as "Jetronics" and that Jetronics, Inc. and Jetronics were the same company. Leroy McLean, the president of the company, testified that Jetronics, Inc. was the owner of the property and that appellant was not authorized to write the two checks on the corporation accounts for her personal use. Even though appellant served as a director and had check writing powers, McLean testified that he had the care, custody and control of the corporation funds and that neither he nor anyone else in authority gave appellant permission to use the funds. We see this uncontroverted evidence as sufficient to establish ownership and lack of consent. *See: Giles v. State*, 263 S.W. 289 (Tex.Cr.App. 1924), where a director of a bank was convicted of stealing bank assets on the testimony of the other four directors as to lack of the corporation's consent.

Appellant further argues insufficient evidence to establish ownership or consent as a result of the following testimony of Leroy McLean:

Q. How does Jetronics, Incorporated do business here in Harris County, under what name?

A. It is referred to as Jetronics.

Q. Do your customers that you deal with know you as Jetronics?

A. Yes.

Q. Do people in the community know you as Jetronics?

A. Yes.

Q. Did Anna Bell Boyette know you as Jetronics?

A. Yes.

Appellant maintains this testimony is confusing and ambiguous because it tends to establish that *Leroy McLean* was known as Jetronics and that McLean was the owner of the property instead of Jetronics, Inc.

We find it difficult to consider this argument as serious. Prior to the above testimony McLean established himself as the president of the company, and testified he had care, custody and control of the funds for Jetronics. McLean testified on behalf of the company in the only manner possible to establish ownership and lack of consent. Appellant attempts to mislead us by taking this testimony out of its context.

█ While it is well established that ownership of stolen property may be alleged in a corporation, *Middleton v. State*, 476 S.W.2d 14 (Tex.Crim.App.1972), common sense dictates that a corporate entity cannot physically testify on its own behalf. Ownership in a corporation can only be proven circumstantially by testimony of its directors, officers or employees. That same circumstantial testimony is also sufficient to show lack of consent by the corporation to the appropriation of stolen property. *Wells v. State*, 608 S.W.2d 200, 203 (Tex. Crim.App.1980). The issues of ownership and lack of consent were adequately addressed by the testimony of Leroy McLean. Appellant's argument is without merit. Her grounds of error one and two are overruled.

Through a supplemental brief appellant raises a third ground of error. She argues her conviction is void because it was based on a violation of the general consolidated theft statute, Section 31.03, Tex.Penal Code Ann. (Vernon 1974), when the evidence of trial revealed conduct prohibited by Section 32.45 of the Penal Code, a more specific statute. Section 32.45(b), "Misapplication of Fiduciary Property," provides in pertinent part:

A person commits an offense if he intentionally, knowingly, or recklessly misapplies property he holds as a fiduciary ... in a manner that involves substantial risk of loss to the owner of the property or to a person for whose benefit the property is held.

Appellant maintains it is uncontroverted that she occupied a fiduciary position to the corporation by virtue of her capacity as director, vice president and secretary. Because of this fiduciary relationship, appellant argues any misdeeds she may have committed are covered by this "special" section, not by the general theft statute.

█ Appellant brings a number of cases to our attention where the Court of Criminal Appeals has reversed convictions under general statutes when the prohibited conduct was covered by a more "special statute." *Jones v. State*, 552 S.W.2d 836 (Tex.Cr.App.1977); *Ex Parte Pribble*, 548 S.W.2d 54 (Tex.Cr.App.1977); *Ex Parte Harrell*, 542 S.W.2d 169 (Tex.Cr.App.1976). Each of these cases, however, and all other cases this author could find, involved situations where the conviction under the general statute provided for a felony punishment while the special statute involved a misdemeanor offense. *See also: Alejos v. State*, 555 S.W.2d 444 (Tex.Cr.App.1977); *Hines v. State*, 515 S.W.2d 670 (Tex.Cr.App.1974), where the statutes were seen to cover different fact situations. The Court of Criminal Appeals has rightly held that the more special statute must control when sections of the Penal Code cannot be harmonized. An offender should not be made to bear a harsher penalty when the same conduct would otherwise carry a lesser punishment.

█ The instant situation lacks this general-felony, special-misdemeanor dichotomy common in the cases cited above. Both the general theft statute, Section 31.03, and the

special statute, Section 32.45, carry a penalty of third degree felony for theft of property valued between $200 and $10,000. Therefore, a successful prosecution under Section 32.45 would result in the same punishment. If any error existed in the prosecution and conviction of appellant under the general theft statute, it was certainly harmless and does not warrant a reversal.

An analogy can be made from the Texas concept of "carving." Carving requires that a prosecutor make a choice when certain conduct can be prosecuted under similar statutes. The state is allowed to "carve" as large a slice as possible to prosecute the prohibited conduct, but only one slice is allowed. *Ex Parte Fitch*, 580 S.W.2d 372 (Tex.Cr.App.1979); *Ex Parte Caldwell*, 537 S.W.2d 265 (Tex.Cr.App.1976). Since appellant could have been prosecuted under either statute without one representing a greater detriment to her than the other, the state was able to proceed as it did.

Finding no reversible error, ground of error number three is overruled.

Judgment affirmed.