**Arnulfo Guerra URIBE, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13-81-353-CR.**

Court of Appeals of Texas,
Corpus Christi.

Sept. 23, 1982.

L. Aron Pena, Pena, McDonald, Prestia & Ibanez, Edinburg, for appellant.

Robert Salinas, Dist. Atty., Theodore C. Hake, Edinburg, for appellee.

Before NYE, C.J., and UTTER and GONZALEZ, JJ.

OPINION

NYE, Chief Justice.

This is an appeal from a conviction of theft. Trial was before the court, which found appellant guilty and assessed punishment at three years in the Texas Department of Corrections. Appellant was charged with taking four hubcaps. In his sole ground of error, appellant challenges the sufficiency of the evidence to prove that the value of the four stolen hubcaps was over $200.00 as alleged in the indictment.

Evidence was introduced to show current market value of the used and new hubcaps of the kind removed from the victim's vehicle. The testimony shows that the three stolen Chrysler hubcaps were worth between $60 and $70 apiece, used, and $103.17 new. The one stolen Chevrolet hubcap was valued at $40 used and $60–$65 new. Thus, the replacement value of the used hubcaps taken by appellant had the aggregate value of between $220 and $250, if replaced by used hubcaps, and $350 if replaced with new hubcaps. No testimony was presented to show the value of the hubcaps at the time and place of the taking.

In *Brown v. State,* 460 S.W.2d 925 (Tex. Cr.App.1970), it was held that current market value could be used in lieu of proof of the value of the property at the time of the theft. If the manner of proving value did not meet with the approval of the appellant, it was incumbent upon him to voice his

objection at the time of the introduction of the testimony. *Turner v. State,* 486 S.W.2d 797 (Tex.Cr.App.1972). No complaint was made of the manner of proof at the time the testimony was given. Appellant's sole ground of error is overruled.

The judgment of the trial court is affirmed.