Armando MILO, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 4–87–00103–CR.

Court of Appeals of Texas,
San Antonio.

April 13, 1988.

Thomas Rocha, Jr., San Antonio, for appellant.

Fred G. Rodriguez, Jim Kopp, Jay Brandon, Ilse D. Bailey–Graham, Crim. Dist. Attys., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and CHAPA, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a conviction for criminal mischief, with a pecuniary loss of $20.00 or more but less than $200.00. Trial was before a jury. Punishment was assessed at thirty days in jail probated for six months, court costs, and a $200.00 fine. This appeal resulted. We affirm.

 Appellant raises six points of error. Appellant's first three points of error complain of insufficiency of the evidence. Initially, the State contends that appellant has waived his second point of error which alleges that the trial court erred in denying appellant's motion for an instructed verdict. We disagree.

After appellant put on a defense, including appellant's own testimony denying the allegations, appellant rested and both sides closed. Appellant then moved for an instructed verdict, which the trial court denied.

The State takes the position that by putting on a defense appellant waived any error by the trial court in overruling his motion for instructed verdict. The State cites *Kuykendall v. State,* 609 S.W.2d 791, 794 (Tex.Crim.App. [Panel Op.] 1980); *Shirley v. State,* 501 S.W.2d 635, 637 (Tex. Crim.App.1973); *Gonzales v. State,* 681 S.W.2d 270, 272 (Tex.App.—San Antonio 1984, no pet.).

In each case cited by the State, the defendants moved for instructed verdict after the State rested. The trial court denied the motion. Thereafter, the defendant put on a defense. On appeal, the courts held they need not review the propriety of overruling the motion made when the State had rested, for in thereafter putting on a defense the appellant waived that contention. The underlying rationale for the holdings is that the court or jury trying the case is not confined to the testimony presented by the State in determining the sufficiency of the evidence to support a conviction. They may look to all the evidence in the case, that offered by the appellant, as well as that offered by the State, in determining whether the accused is guilty of the of-

fense charged. *Lopez v. State*, 356 S.W.2d 674, 676 (Tex.Crim.App.1962). *Accord Kuykendall v. State*, 609 S.W.2d 791, 794 (Tex.Crim.App. [Panel Op.] 1980) (Court of Criminal Appeals considered the propriety of overruling motion for instructed verdict made at the close of all the evidence, but did not review motion made when the State rested because appellant thereafter put on a defense and waived his contention).

In the present case, appellant offered no additional evidence during the guilt phase of the trial after moving for an instructed verdict. We hold that appellant has not waived our review of the propriety of overruling the motion made when he rested. His second point of error will be considered. However, we consider appellant's first three points of error together.

■ The information alleged that appellant intentionally and knowingly damaged and destroyed a fence by kicking it, without the effective consent of the owner, Tom Lavender.

As in all criminal cases concerning insufficient evidence points of error, we must examine the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Dickey v. State*, 693 S.W.2d 386, 387 (Tex.Crim.App.1984).

Appellant specifically contends that the State failed to prove ownership of the fence, and the State failed to prove that Tom Lavender was the owner of the fence as alleged in the information.

The Penal Code makes it an offense for a person to intentionally or knowingly damage or destroy the tangible property of the owner, without the effective consent of the owner. TEX. PENAL CODE ANN. § 28.03 (Vernon Supp.1988).

" 'Owner' means a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor." TEX. PENAL CODE ANN. § 1.07(a)(24) (Vernon 1974).

Lavender testified that he was a home owner in the Blanco Woods Subdivision where the fence was located. The wooden fence surrounded pumps and equipment for the swimming pool, and was part of the recreation area. The Blanco Woods Home Owners Association owned the recreation area. Lavender was a member of the Home Owners Association. Lavender also testified, without objection, that he had a greater right to possession of the property than did appellant.

Lou Portillo, a homeowner and member of the Home Owners Association, testified that a person buys a home in Blanco Woods and becomes a member of the Association. The purchase price includes the first year's membership fee. Thereafter, residents pay an annual membership fee to use the recreation facilities.

Charles Ammann, chairman of the Home Owners Association grievance committee, testified that the Association will pay for the fence repair. The members of the Home Owners Association will be assessed a share of the repair cost. Ammann did not know of any deed or instrument showing that the Home Owners Association owned the fence.

■ Ownership of property in a criminal case may be proved by oral testimony. *See Smith v. State*, 638 S.W.2d 476, 478 (Tex. Crim.App.1982); *Whitehead v. State*, 645 S.W.2d 482, 484 (Tex.App.—Beaumont 1982, pet. ref'd).

Appellant argues that this case is similar to *Roberts v. State*, 513 S.W.2d 870 (Tex. Crim.App.1974). In *Roberts*, the Court reversed a theft conviction because ownership was not proven as alleged. The Court held, "Where one person is alleged to own property, but it is shown to be owned by another, or by a corporation, the State has failed to prove the ownership as alleged." *Roberts v. State* at 871.

*Roberts* is distinguishable, however. In *Roberts*, appellant was charged with theft of a chain from a truck. The indictment alleged that the owner was Jack Dahlstron. Dahlstron did not testify. The driver of the truck testified that he worked for

Dahlstron Corporation, that Jack Dahlstron was his boss, and that "Dahlstron Corporation" was written on the side of the truck. The Court noted that it may be inferred that Dahlstron Corporation owned the chain, but held there was no evidence that Jack Dahlstron owned the chain. *Roberts v. State* at 871.

In our case, the evidence established that Lavender, along with the other members of the Home Owners Association, owned the fence. "Where property is owned in common, or jointly, by two or more persons, the ownership may be alleged to be in all or either of them." TEX. CODE CRIM. PROC.ANN. art. 21.08 (Vernon Supp.1988).

■ Furthermore, Lavender testified, without objection, that he had a greater right to possession of the property than did appellant. Appellant testified that he did not claim any right to possession of the fence. Lavender's undisputed testimony alone constituted sufficient evidence to show that Lavender was the owner. *See Hudson v. State*, 675 S.W.2d 507, 510 (Tex. Crim.App.1984).

We hold that a rational trier of fact could have found beyond a reasonable doubt that Tom Lavender was the owner of the fence. Appellant's first three points of error are overruled.

Next, appellant asserts as his fourth point of error that the trial court erred in instructing the jury on the issue of effective consent by Tom Lavender. Appellant claims that there was no evidence that Lavender was legally authorized to act for the owner. Appellant relies on § 1.07(a)(12) of the Penal Code which provides that "effective consent" includes consent by a person legally authorized to act for the owner. Appellant did not object to the instruction on effective consent, but argues that fundamental error was committed.

The State introduced evidence that Lavender was the owner of the fence under § 1.07(a)(24) of the Penal Code. The State did not need to prove that Lavender was authorized to act for the owner, since he was the owner. Appellant's fourth point of error is overruled.

■ In his fifth point of error, appellant says the trial court erred by not submitting appellant's requested instruction on the lesser included offense of criminal mischief —loss under $20.00.

An offense under § 28.03 is a class B misdemeanor if the amount of pecuniary loss is $20.00 or more but less than $200.00. If the amount of loss is less than $20.00, the offense is a class C misdemeanor. § 28.03(b)(1)(A), (2).

Appellant correctly states that class C criminal mischief is a lesser included offense of class B criminal mischief. *See* TEX. CODE CRIM.PROC.ANN. art. 37.-09(2) (Vernon 1981). If the evidence raises a lesser included offense, the defendant is entitled to a jury charge on that offense if there is some evidence in the record that if appellant is guilty, he is guilty only of the lesser offense. *Godsey v. State*, 719 S.W.2d 578, 584 (Tex.Crim.App.1986).

Appellant testified that a wooden board of the same size as those broken can be bought for $1.98. Police officer Richard Olivares, the investigating officer, testified that seven boards were broken on the fence. According to appellant, new boards would have cost $13.86.

■ Although the State alleged that the fence was damaged and destroyed, the State could prove either damage or destruction, *See Vaughn v. State*, 634 S.W.2d 310, 312 (Tex.Crim.App. [Panel Op.] 1982). The State's evidence showed damage rather than destruction.

Section 28.06(b) of the Penal Code states, "The amount of pecuniary loss under this chapter, if the property is damaged, is the cost of repairing or restoring the damaged property within a reasonable time after the damage occurred."

Appellant's testimony only concerned the price of the lumber. There was no testimony regarding the other materials needed, such as nails and tools. The only testimony about labor cost was from State's witness Portillo who testified that he estimated the labor cost at $15.00 per hour for two hours. Therefore, no evidence showed that appellant, if guilty, was guilty only of a

class C misdemeanor. Appellant's fifth point of error is overruled.

We observe that Ammann testified that the bill for repairing the fence came to $74.00. Additionally, Lavender testified on cross examination that the boards alone would cost $30.00 or $40.00. Portillo testified, without objection, that he estimated the cost of repairing the fence to be $40.00 to $50.00.

■ As his sixth point of error, appellant asserts that the trial court erred in denying appellant's requested instruction on fair market value.

Fair market value is used to determine the pecuniary loss caused by criminal mischief when the property is destroyed. § 28.06(a). As stated elsewhere in this opinion, when the State charges in the conjunctive, it may prove either. The State offered evidence that appellant damaged the fence, not that he destroyed it.

Absent any evidence that the fence was destroyed, appellant was not entitled to an instruction on fair market value. Appellant's sixth point of error is overruled.

The judgment is affirmed.