Affirmed and Opinion filed June 27, 2002









Affirmed
and Opinion filed June 27, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-00-00708-CR

____________

 

RICK ALLEN HARKINS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 176th District Court

Harris County, Texas

Trial
Court Cause No. 813,238

 



 

O P I N I O N

Appellant, Rick Allen Harkins, was charged by indictment with
aggravated sexual assault of a child. 
Appellant pleaded not guilty; a jury found appellant guilty and assessed
punishment at confinement for thirty years in the Institutional division of the
Texas Department of Criminal Justice.  In
three points of error, appellant contends: (1) the trial court erred in
prohibiting introduction of evidence that someone other than appellant sexually
assaulted the complainant, in violation of his federal constitutional right to compulsory
process; (2) the evidence was legally insufficient to support the conviction;
and (3) the evidence was factually insufficient to support the conviction.  We affirm.

 








FACTUAL BACKGROUND

Katherine McKean, appellant=s step-daughter, spoke to her son,
nephew, and seven year old niece, B.S., about appellant=s fifteen year old son, Thomas,
smoking cigarettes.  During this
conversation, complainant, B.S., informed her aunt that Thomas had engaged in
sexual misconduct with her.  When asked
why she kept this information to herself, she responded that she told
appellant, her grandfather.  McKean asked
B.S. if her grandfather did anything to her, and B.S. responded yes.

B.S. testified that, while living with her grandparents, she
often crawled into bed between them in the middle of the night.  Her grandfather slept without clothing.  Although her grandparents were usually sleeping
when she crawled into their bed, her grandfather would sometimes do Awrong things@ to her by touching her in the Awrong place.@ 
He would touch her in-between her legs, sometimes under her clothes,
with his hand.  He would sometimes have
her touch him on his Aprivate part.@  Further, her
grandfather would have his Aprivate part@ touch her Aprivate part.@  Sometimes her
grandfather would do wrong things to her while her grandmother was at
work.  On at least one occasion, her
grandfather Agot on top@ of her and had his private touch her
private, but did not penetrate her.  He
told her not to tell anyone or they would both be in trouble.

Appellant testified in his defense.  He admitted that he always slept naked in
bed, but denied doing anything sexual with B.S. 
Appellant thought law enforcement might get involved after his wife told
him about B.S.=s statements.  In addition, appellant confirmed that he
initially left town a day or two after his wife spoke to him about B.S.

DISCUSSION

I.  Sufficiency of the
Evidence

A. Standards of Review 








In his second and third points of error appellant contends
that the evidence at trial was legally and factually insufficient to support
his conviction for aggravated sexual assault of a child.  We apply different standards when reviewing
the evidence for factual and legal sufficiency. 
When reviewing the legal sufficiency of the evidence, this court must
view the evidence in the light most favorable to the prosecution and determine
whether any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Garrett v.
State, 851 S.W.2d 853, 857 (Tex. Crim. App. 1993).  This standard of review applies to cases
involving both direct and circumstantial evidence.  King v. State, 895 S.W.2d 701, 703 (Tex.
Crim. App. 1995).  On appeal, this court
does not reevaluate the weight and credibility of the evidence, but we consider
only whether the jury reached a rational decision.  Muniz v. State, 851 S.W.2d 238, 246
(Tex. Crim. App. 1993).

To
determine factual sufficiency, we view the evidence in a neutral light and set
aside the verdict only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. 
Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996).  We must review the evidence weighed by the
jury tending to prove the existence of the elemental fact in dispute, and
compare it to the evidence tending to disprove that fact.  Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000).  The appellate court
may find either that the State=s proof of guilt was so obviously weak as to undermine
confidence in the jury=s determination, or that the finding of guilt was against the
great weight and preponderance of the evidence. 
Id. at 11.  When defendant
proffers contrary evidence, we consider whether the proof of guilt, although
adequate if taken alone, is greatly outweighed by defendant=s
offered evidence.  Id.  We may disagree with the jury=s
decision, even if probative evidence exists that supports the verdict.  Jones v. State, 944 S.W.2d 642, 647
(Tex. Crim. App. 1996).  However, a
factual sufficiency review must be appropriately deferential to avoid
substituting our judgment for the fact finder=s.  Id. at
648.  We are not free to reweigh the
evidence, but must exercise our jurisdiction only to prevent a manifestly
unjust result.  Id. 

B.  Legal Sufficiency








In his second point of error, appellant alleges the evidence
at trial was legally insufficient to support the jury=s verdict because the State failed to
prove all the essential elements of aggravated sexual assault[1].  Specifically, he argues the State failed to
prove that appellant caused his sexual organ to contact the complainant=s sexual organ as specifically
alleged in the indictment.  See
Roberts v. State, 513 S.W.2d 870, 871 (Tex. Crim. App. 1974) (stating, AIt is a cardinal principle of law
that all essential averments in an indictment must be proved as alleged@); Boyette v. State, 632
S.W.2d 915, 917 (Tex. App.CHouston [14th Dist.] 1982, pet. ref=d) (stating same). 

To secure a conviction for aggravated sexual assault of a
child, the State must prove beyond a reasonable doubt that appellant (1)
intentionally or knowingly, (2) caused the sexual organ of B.S. to contact the
sexual organ of appellant, and (3) that B.S. was younger than fourteen years of
age.  See Tex. Pen. Code Ann. ' 22.021(a)(1)(B)(iii) and
(a)(2)(B)  (Vernon Supp. 2002).  In the instant case, appellant argues that
because B.S. referred to both her chest and vagina as her Aprivate parts,@ it was impossible to determine to
which she was referring in her testimony regarding contact with appellant=s Aprivate parts.@ 
Thus, her testimony is conflicting in that it suggests appellant may
have touched only one of B.S.=s Aprivate parts,@ or both.








Conflicts in evidence are for the jury to resolve.  Upton v. State, 853 S.W.2d 548, 552
(Tex. Crim. App. 1993); Butler v. State, 981 S.W.2d 849, 853 (Tex. App.CHouston [1st Dist.] 1998, pet. ref=d). 
Furthermore, the sufficiency of the evidence is not destroyed by
contradictions or conflicts between witnesses= testimony.  Beckham v. State, 29 S.W.3d 148, 151
(Tex. App.CHouston [14th Dist.] 2000, pet. ref=d). 
When confronted with evidence which raises conflicting inferences, we must presume in our review that the trier of fact resolved
any such conflicts in favor of the prosecution and must defer to that
resolution.  Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim. App.
1991).  Proper application of the Jackson
v. Virginia standard is made by resolving inconsistencies in the
testimony in favor of the verdict.  Id.  After aligning the facts in the light most
favorable to the verdict, we must then determine if any rational trier of fact
could have found the essential elements of the crime beyond a reasonable
doubt.  Id. (quoting Jackson,
443 U.S. at 319).

We find that any rational trier of fact could have found
beyond a reasonable doubt that appellant committed aggravated sexual assault
against B.S. by causing his sexual organ to contact the sexual organ of
B.S.  First, child victims are not
expected to testify with the same clarity and ability that is expected of
adults.  Villalon v. State, 791
S.W.2d 130, 134 (Tex. Crim. App. 1990). 
Even when the victim is a child, the victim=s testimony alone is sufficient to
support a conviction for sexual assault. 
Jensen v. State, 66 S.W.3d 528, 534 (Tex. App.CHouston [14th Dist.] 2002, no
pet.).  Second, B.S.=s testimony as a whole, is quite
clear.  The prosecutor began by asking
B.S. about appellant touching her chest, then about appellant touching her
vagina, her touching his penis, and then the two sexual organs touching each
other.  Moreover, B.S. testified that her
grandpa got on top of her and his private touched her private, that the two
only touched, and that his private did not go inside her private.  In addition, McKean testified that B.S. told
her, using the word Aprivates,@ that appellant=s penis rubbed around her vagina.

Viewing the evidence in the light most favorable to the jury=s verdict, we conclude that a
rational trier of fact could have found beyond a reasonable doubt all the
essential elements of the offense charged. 
We overrule appellant=s second point of error.

C.  Factual Sufficiency

In his third point of error, appellant claims that the
evidence was factually insufficient to support the jury=s verdict, in that the evidence did
not prove that appellant caused his sexual organ to contact the sexual organ of
B.S.  Other than presenting this court
with case law setting forth the standard of review for factual sufficiency,
appellant=s brief on his second point of error
reiterates the argument set out in support of his legal insufficiency
claim.  








Reviewing the evidence with appropriate deference to the jury=s verdict, we find that the evidence
is not so weak as to be factually insufficient. 
Although appellant proffered contrary evidence, specifically his denial
he committed the offense, we find that this evidence does not greatly outweigh
the State=s evidence to the extent that the
conviction is clearly wrong and unjust.  See
Johnson, 23 S.W.3d at 11.  B.S.
clearly testified appellant assaulted her and caused their sexual organs to
touch.  We find the evidence factually
sufficient to support the jury=s verdict.  We overrule
appellant=s third point of error.




II.  Sixth Amendment
Right To Compulsory Process For Obtaining Witnesses

In appellant=s first point of error, he asserts the trial court erred in
prohibiting him from offering evidence on his defensive theory that another
person committed the aggravated sexual assault against B.S.  Invoking the Sixth Amendment, appellant
contends this limitation violated his federal constitutional right to
compulsory process.  We disagree.








The Sixth Amendment right to compulsory process is, A>in plain terms the right to present a
defense, the right to present the defendant=s version of the facts as well as the
prosecution=s to the jury so it may decide where
the truth lies.=@ 
Coleman v. State, 966 S.W.2d 525, 527 (Tex. Crim. App. 1998)
(quoting Washington v. Texas, 388 U.S. 14, 19, 87 S. Ct. 1920, 1923
(1967)).  A defendant has the right to
compulsory process for obtaining witnesses in his favor who are physically and
mentally capable of testifying to evidence personally observed.  Jones v. State, 501 S.W.2d 677, 679
(Tex. Crim. App. 1973).  However, the
right to compulsory process is not absolute; the Sixth Amendment guarantees
compulsory process for obtaining only those witnesses whose testimony would be
both material and favorable to the defense. 
United States v. Valenzuela‑Bernal, 458 U.S. 858, 867, 102
S. Ct. 3440, 3446 (1982).  To exercise
this right, a defendant must make a plausible showing to the trial court, by
sworn evidence or agreed facts, that the witness=s testimony would be material and
favorable to the defense. Coleman, 966 S.W.2d at 528.  Evidence is considered material when Ashown to be addressed to the proof of
. . .>any fact that is of consequence to
the determination of the action.= 
>If the evidence is offered to help prove
a proposition which is not a matter in issue, the evidence is immaterial.=@ 
Miller v. State, 36 S.W.3d 503, 507 (Tex. Crim. App.  2001) (quoting 1 Steven Goode et al., Texas Practice: Guide to the Texas Rules of
Evidence: Civil and Criminal ' 401.1 (2d ed. 1993 &
Supp.1995)).  The burden is on the
defendant to Ademonstrate to the Court that there
is >some colorable need for the
[witnesses] to be summoned.= . . .  [O]therwise,
frivolous and annoying requests would make the trial endless and unduly
burdensome on the Court and all officers thereof.@ 
Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983) (quoting Hoskins v. Wainwright,
440 F.2d 69, 71 (5th Cir. 1971)).

On the record before us, it is clear that appellant did not
make the necessary showing.  Appellant
argued in his offer of proof to the trial court that: (1) Thomas Harkins, his
son, would testify that he sexually assaulted B.S.; (2) that McKean would testify
that Thomas made B.S. perform oral sex, fondle him, and tried to have sexual
intercourse with her; (3) B.S.=s mother would testify that Thomas= assaults on B.S. lasted for a year
and a half with appellant=s acts in between; and (4) that appellant=s wife would testify that she
confronted appellant about B.S.=s allegations against Thomas without ever mentioning the
allegation made against him.  However,
this evidence about Thomas= sexual assault of B.S. is not relevant as to whether
appellant also committed sexual assault against B.S.  It is immaterial inasmuch as it is evidence
that helps only to Aprove a proposition which is not a matter in issue.@ 
Miller, 36 S.W.3d at 507. 
The complainant specifically alleged abuse done to her by appellant; her
additional allegations of abuse by Thomas are not at issue in this trial.  That Thomas sexually assaulted B.S. does not
negate complainant=s testimony that appellant also assaulted her. 








The trial court correctly assessed this unusual case as two
separate incidents involving two separate defendants.  This is not a case of mistaken identity where
evidence of another perpetrator would undercut the persuasiveness of the victim=s identification or where Aother crimes@ evidence would negative the accused=s guilt.  Cf. United States v.  Stevens, 935 F.2d 1380, 1402-04 (3d Cir.
1991) (holding that when defendant claimed mistaken identity in aggravated
sexual assault prosecution, it was error to exclude direct evidence that an
alternate perpetrator did exist and that this person had committed another
offense precisely like the charged one during the same time period and in the
same vicinity).  B.S. did not state that either
Thomas or her grandfather assaulted her; she stated that both of
them had abused her.  She distinguished
between the acts of Thomas and those of her grandfather and plainly testified
in this case about appellant=s assaultive conduct. 

Appellant=s right to compulsory process was not violated because he
made no plausible showing to the trial court that Thomas= testimony, or testimony by other
defense witnesses about Thomas= independent acts of abuse, would be material and favorable
to appellant=s defensive theory that Thomas, and
not appellant, assaulted B.S.  See
Coleman, 966 S.W.2d at 528.  We
overrule appellant=s first point of error.

CONCLUSION

We affirm the judgment of the trial court.

 

 

 

/s/        John S. Anderson

Justice

 

Judgment rendered
and Opinion filed June 27, 2002.

Panel consists of
Justices Anderson, Hudson, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.3(b).

 











[1]  Appellant=s legal sufficiency challenge does not question the
element of B.S.=s age at the time of the assaultCyounger than 14Cthe
factor raising the sexual assault to aggravated sexual assault.