THOMAS LYNN GILBREATH V. STATE.

No. 26,464. June 17, 1953.

*Allen & Allen, Harry Ward,* and [on appeal] *Mays & Mays* and *Dave Miller,* by *Chas. Mays,* all of Ft. Worth, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for the burglary of a house alleged to be occupied and controlled by S. B. Starnes, with punishment assessed at two years' confinement in the penitentiary.

Do the facts support the allegation of the indictment that S. B. Starnes was the owner of the burglarized building? There ought to be no difficulty in proving ownership of the building in a burglary case. Actual ownership is not the test; to the contrary, the person having the care, control, and management of the building at the time of the burglary is deemed in law to be the owner thereof, and ownership of the building may be alleged in that person. Branch's P. C., Sec. 2324. But such flexibility in proving ownership of the building cannot be extended to the point of dispensing with proof of ownership altogether.

Here, the proof showed that the "Texaco warehouse" was burglarized and that Starnes was a consignee of the Texas Company. There is an absence of any proof as to the actual owner of the warehouse or as to whether "Texaco" was an individual or a corporation. It is immaterial whether we are or are not authorized to say, as a matter of judicial knowledge, that "Texaco" is the name of the products of the Texas Company and, therefore, that the "Texaco warehouse" belonged to and was

the property of the Texas Company, a corporation, for the appellant is not here charged with the burglary of a building belonging to the Texas Company.

If Starnes had a key to the warehouse, he did not so testify. Neither did he testify that any part of the goods consigned to him was kept in the building or used by him in connection with such consignment. There is an absence, entirely, of any proof that Starnes had any control or management of the building.

To meet the contention of appellant that ownership of the building was not proven to be in Starnes, the state calls attention to the fact that he was permitted to testify that appellant did not have his consent to enter his building. There is no proof, however, that a building belonging to Starnes was burglarized.

This is a case of circumstantial evidence. The trial court so recognized and instructed the jury thereon. If Starnes had the control and management of the building, it would have been easy for the state to have so proven by him. Not having done so, the inference is that it could not do so. On the other hand, inadvertence or want of proper care should not be condoned under the facts here shown.

It was the burden of the state to prove the allegation of ownership as laid in the indictment. This burden it failed to discharge.

Appellant challenges the sufficiency of the evidence to show that he was guilty of a burglarious entry of the Texaco warehouse.

In view of the fact that a reversal is predicated upon another proposition, we will pretermit a determination of that question now, calling attention to the fact that, ordinarily, identity of an accused may not be established alone by tracks. Ennox v. State, 130 Tex. Cr. R. 328, 94 S. W. 2d 473; Powell v. State, 100 Tex. Cr. R. 43, 271 S. W. 913.

The judgment is reversed and the cause is remanded.

Opinion approved by the court