Luscious Calvin **MAXEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 40845.

Court of Criminal Appeals of Texas.

Dec. 13, 1967.

As Amended Feb. 7, 1968.

Rehearing Denied Feb. 7, 1968.

Second Rehearing Denied March 20, 1968.

Jan E. Hemphill, Dallas, for appellant.

Henry Wade, Dist. Atty., Cecil Emmerson, Joe K. Hendley and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for burglary with two prior non-capital felonies alleged for enhancement; the punishment, life.

The sole ground urged for reversal is that the evidence is insufficient to support the conviction for the primary offense of burglary.

■ Mrs. Vernon King testified that while she was the assistant caretaker of a convalescent hospital, located about one mile north of Highway 75, about 8:45 a. m., March 31, 1966, she saw from a window, the appellant walk up the steps of the building and return down them and then go around the corner of the building; that she notified the police who came in a brief time; that on inspecting the building she found a broken window; and that the windows in the building were inspected daily.

Deputy Sheriff Chennault testified that while driving along Highway 75 about 8:58 a. m., March 31, 1966, he received a suspicious person call at a convalescent home on Highway 75; that he went to the convalescent home, talked with Mrs. King, and then he found the top pane broken on the northeast corner of the building; that at this time he heard a loud noise which sounded like someone hammering on something inside the building; that on looking into the basement he saw the appellant with an object in his hand hitting on the refrigerator unit; that the appellant in response to his direction came out of the building carrying a tire tool, a hammer, and wearing a pair of gloves; that the broken window had pry marks on the bottom.

Jake L. Ballard testified that on March 31, 1966, he was the Dallas County Building Superintendent in charge of all county-owned buildings and had the possession of

the house used as a convalescent home on Highway 75; that he did not give the appellant his consent to break and enter said house, and never gave the appellant his consent to take any property from the house.

Proof of two prior convictions for felonies less than capital which were alleged for enhancement was introduced, and the appellant was identified as the person so convicted.

It is concluded that the evidence is sufficient to support the conviction.

The judgment is affirmed.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

DICE, Judge.

Appellant insists that we were in error in holding the evidence sufficient to sustain the conviction, because the state failed to prove that the house broken into and entered was occupied and controlled by J. L. Ballard, as alleged in the indictment. Specifically stated, it is appellant's contention that the proof fails to show ownership of the house burglarized, as alleged.

■ The proof as reflected by the testimony shows that appellant broke into and entered a house on Highway 75 in Dallas County which was being used as a convalescent home.

Jake L. Ballard, the alleged owner of the house, testified that he was the Dallas County building superintendent in charge of all county-owned buildings and that he had the care, custody, and control of "the" convalescent home on Highway 75 in Dallas County.

There is an entire absence of any inference in the record that there was more than one convalescent home on Highway 75 in Dallas County. While, as pointed out by appellant, the witness Ballard did not specifically testify that he had possession of the house burglarized, we remain convinced that the record as a whole is sufficient to sustain the allegation of the indictment that he did occupy and control the house burglarized and authorized the jury to so find.

In Gilbreath v. State, 158 Tex.Cr.R. 616, 259 S.W.2d 223, cited by appellant, the alleged owner of the house did not testify that he was in control and management of the building burglarized—which distinguishes it from the present case.

The motion for rehearing is overruled.

## DISSENTING OPINION ON APPELLANT'S MOTION FOR REHEARING

ONION, Judge.

I feel that in all good conscience I must dissent to the overruling of appellant's motion for rehearing. Appellant's contention that the proof fails to show ownership of the house burglarized as alleged is, in my opinion, well taken.

It is the burden of the state to prove the allegation of ownership as laid in the indictment. This burden is not discharged by the likely possibility that the witnesses were all referring to the same house or building.

Mrs. King, who gave her address simply as Box 436, testified that she was the assistant caretaker of a convalescent hospital *located about one mile north of Highway 75.* She did not testify that such location was in Dallas County, nor did she testify that she or her husband (the caretaker) were county employees or that the building or buildings at the location were county-owned. In fact, she offered no testimony as to ownership at all.

Luther Chennault, Deputy Sheriff, testified that he received a "call of a suspicious person at the convalescent home *on* Highway 75." He related that he contacted a Mrs. King upon his arrival and subsequently arrested the appellant. Other than stating that the convalescent home was in Dallas County, he did not testify as to its exact location or address or indicate that the

address given in the "call" was correct. He offered no testimony as to ownership at all.

Jake L. Ballard, the alleged owner of the house, testified that as county building superintendent in charge of all county-owned buildings, he had care, custody and control of *the* convalescent home *on* Highway 75 in Lancaster. He did not indicate any personal knowledge of the burglary nor did he testify that he knew or was acquainted with the Kings or that they were county employees or were caretakers at the location to which he referred at the time in question. In fact, in his testimony he did not mention nor refer to the Kings at all.

It is true he was permitted to testify that he did not give appellant consent to break into the convalescent home under his control. There is no proof, however, that a building of which Ballard had care, custody and control was in fact burglarized. See Gilbreath v. State, 158 Tex.Cr.R. 616, 259 S.W.2d 223.

There was no evidence offered as to the number of convalescent homes or hospitals on Highway 75, one mile north thereof, or in Lancaster, or in the general vicinity; but the absence thereof does not, in my opinion, raise a presumption that there was only one such place, casting the burden upon the accused to show, at least by inference, the contrary.

If Ballard was in custody and control of the house actually burglarized, it would not have been difficult for the state to have clearly established that fact. Inadvertence or want of proper care should not be condoned under the facts presented. We should not be asked to affirm this enhanced penalty of life under these circumstances.

Being convinced that the evidence fails to sustain the ownership of the burglarized premises as alleged, I dissent to the overruling of appellant's motion for rehearing.

Morrison J., joins me in this dissent.