Will Jasper ESTES, Appellant,

v.

The STATE of Texas, Appellee.

No. 45201.

Court of Criminal Appeals of Texas.

Sept. 25, 1972.

Will Gray, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Bert Graham, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for burglary; punishment, enhanced under Article 62, Vernon's Ann.P.C., 12 years.

The indictment alleges Mrs. Turner as the owner of the premises burglarized. Appellant argues that since undisputed evidence shows a Joe Young to be the actual owner of the premises, there exists a fatal variance. We disagree.

"Actual ownership is not the test; to the contrary, the person having the care, control, and management of the building at the time of the burglary is deemed in law to be the owner thereof, and ownership of the building may be alleged in that person." Gilbreath v. State, 158 Tex.Cr.R. 616, 259 S.W.2d 223, 224.

The record reflects the following testimony by Mrs. Turner:

"Q. Did you have care, custody and control of the building?

A. Yes, I did.

Q. You were the manager of that grocery store?

A. Yes sir.

Q. Who was the owner?

A. Joe S. Young.

Q. And he hired you as the manager?

A. Yes sir.

Q. Did you have full control of all the property and money in the store while you were manager?

A. Yes sir, I did.

Q. And you were manager on that day?

A. Yes sir."

■ There is sufficient proof that Mrs. Turner had actual control, care and management of the premises on the date of the offense. E. g., Potter v. State, Tex. Cr.App., 481 S.W.2d 101; Johnston v. State, Tex.Cr.App., 477 S.W.2d 891; Holman v. State, Tex.Cr.App., 471 S.W.2d 394. The allegation of ownership was properly laid.

In his second ground of error appellant contends the trial court committed reversible error in admitting instruments from the Texas Department of Corrections in that the certification was made by rubber stamp instead of by a signature of the Clerk of Walker County.

■■ The use of a stamp producing a facsimile of an original signature in signing legal documents has been upheld by this court. Parsons v. State, Tex.Cr.App., 429 S.W.2d 476; Ex parte Britton, Tex. Cr.App., 382 S.W.2d 264; Ex parte Spencer, 171 Tex.Cr.R. 339, 349 S.W.2d 727; Stork v. State, 114 Tex.Cr.R. 398, 23 S.W. 2d 733. Since there is nothing in the record which would support a conclusion that the Clerk did not actually place the signature on the affidavit, there is no error.

Finally, appellant's pro se briefs have been reviewed and the contentions therein are overruled.

No reversible error having been shown, the conviction is affirmed.