**Gilberto ARAIZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53661.**

Court of Criminal Appeals of Texas.

Sept. 21, 1977.

Charles P. Fincher, Brownsville, court appointed, for appellant.

Selden N. Snedeker, Dist. Atty., Wilson J. Seldon, Jr., Asst. Dist. Atty., Brownsville, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is an appeal from a conviction for burglary of a habitation. Punishment was assessed by the court at 5 years.

The facts of the case indicate that the home of C. D. Loop was burglarized on August 21, 1975. C. D. Loop and his wife were away from their home and out of the state at the time. Mr. and Mrs. Loop had left the care of the house entrusted to their two sons and their daughters-in-law.

The appellant contends that there is a fatal variance between the allegations in the indictment and the proof as to ownership and lack of consent. With this contention we must agree.

The indictment in question charges in relevant part that the appellant "with intent to commit theft, enter[ed] a habitation which was not open to the public, without the effective consent of C. D. Loop, the owner. . . ."

At trial C. D. Loop did not testify, nor did the state offer any evidence on whether or not C. D. Loop had given his effective consent to the appellant. The state did call Mrs. Loop who testified that she gave no consent, and C. D. Loop's son, Leonard Ray Loop, who had been entrusted with the care of the residence during the Loops' absence, testified that he had given no such consent to the appellant.

The state has the burden of proving "the allegation of ownership as laid in the indictment." *Gilbreath v. State*, 158 Tex.Cr. 616, 259 S.W.2d 223; *Easley v. State*, 167 Tex.Cr. 156, 319 S.W.2d 325.

Under Article 21.08, V.A.C.C.P., the state is free to allege ownership in either

the actual owner of property or in another person who has the possession of the property. Thus, even if the proof showed that A was the title owner of the property, an allegation that B was the owner with proof that B had possession of the property at the time of the offense would present no variance and would be sufficient under the law. *Clark v. State,* Tex.Cr.App., 527 S.W.2d 527. This Court has previously held that:

"When one leaves the state, and asks another to look after his property, or take care of it while he is away, this would support an allegation of ownership and possession in this special owner." *Davidson v. State,* 86 Tex.Cr. 243, 216 S.W. 624.

In the instant case, however, ownership was not alleged in the special owner.

■ The state in its brief cites *Roberts v. State,* Tex.Cr.App., 513 S.W.2d 870, for the proposition that where one person is in custody or control of property which is stolen and which belongs to another, an allegation of ownership in either the actual owner or the special owner is sufficient. This proposition is merely a statement of what may be alleged pursuant to Art. 21.08, V.A.C.C.P. It does not alter the state's burden to prove the facts that it does allege.

In the instant case, although the state presented evidence that Leonard Ray Loop was a special owner and that he had not given his effective consent to the appellant's alleged entry into his father's home, the indictment contained no such allegation. Likewise, the indictment did not allege that Mrs. Loop was the owner of the habitation burglarized. In *Roberts,* supra, the indictment alleged ownership of the property in Jack Dahlstrom. Jack Dahlstrom did not testify and the evidence failed to show that he owned the property in question. The special owner of the property testified, but he was not alleged to be an owner. Because of the state's failure in proving the allegation of ownership in the indictment, the conviction was reversed.

It was incumbent upon the state to prove ownership and lack of consent as alleged in the indictment. The failure to call C. D. Loop or to offer other evidence of his lack of effective consent, and the variance between the testimony of Leonard and Mrs. Loop and the allegations in the indictment, rendered the evidence insufficient.

Because of this variance between the allegation and proof of ownership and consent in the indictment, the state has not met its burden of proving the allegations "as laid in the indictment," *Gilbreath,* supra, and accordingly the judgment must be reversed.

In view of our disposition, other grounds of error will not be discussed.

The judgment is reversed and the cause remanded.