Searcy Ray SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–81–395 CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 23, 1981.

Discretionary Review Granted
March 24, 1982.

Jimmy Phillips, Angleton, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and SAM ROBERTSON, JJ.

PAUL PRESSLER, Justice.

We here consider an appeal from a conviction for burglary of a coin-operated machine. Tex.Penal Code Ann. § 30.03 (Vernon 1974).

This was appellant's second trial on the same charge. Both juries found him guilty and assessed punishment at 365 days in jail and a $2000 fine. After the first trial, appellant appealed, asserting ten grounds of error. Under the authority of article 40.09 § 9 to 40.09 § 12 Tex.Code Crim.Pro. Ann. (Vernon 1979), as it existed prior to September 1, 1981, the trial court, acting in its appellate capacity, may consider each ground of error on which a defendant desires to complain and decide whether a defendant should be granted a new trial. *Keel v. State*, 434 S.W.2d 687 (Tex.Cr.App. 1968). Acting upon this authority, the trial court granted a new trial and the case was reset. Appellant brings eight grounds of error, but only the first will be considered as it is dispositive of the appeal.

Appellant alleges that the trial court erred in overruling his plea of double jeopardy. Appellant filed such a plea after the first trial and prior to the second. Therein appellant contended that the evidence in the first trial was insufficient to support a conviction, and, therefore, the second trial was barred as it would subject him to double jeopardy.

The question of "whether an accused may be subjected to a second trial when conviction in a prior trial was reversed by an appellate court solely for lack of sufficient evidence to sustain the jury's verdict" was addressed by the United States Supreme Court in *Burks v. United States*, 437 U.S. 1 at 2, 98 S.Ct. 2141 at 2142, 57 L.Ed.2d 1 (1978). The court held that a reversal "due

to a failure of proof at trial," where the State received a "fair opportunity to offer whatever proof it could assemble" bars retrial on the same charge. *Id.* at 16, 98 S.Ct. at 2149. The Supreme Court also held that it makes "no difference that the reviewing court, rather than the trial court, determined the evidence to be insufficient," *Id.* at 11, 98 S.Ct. at 2147, or that "a defendant has sought a new trial as one of his remedies, or even as the sole remedy." *Id.* at 17, 98 S.Ct. at 2150. *Burks* leaves no doubt as to the necessity for acquittal whenever it is clear from the record that the new trial was granted on the basis of insufficiency of the evidence.

The instant case is similar to *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978) which was handed down the same day as *Burks*. Greene was convicted of first-degree murder and appealed his conviction. The Florida Supreme Court reversed the conviction and ordered a new trial in a per curiam opinion. *Sosa v. State*, 215 So.2d 736 (Fla.1968). That opinion, in which a majority of four justices joined, stated that the evidence did not establish "beyond a reasonable doubt that the defendant committed murder in the first degree, and that the interests of justice require a new trial." *Id.* at 737. Three justices dissented without opinion. Three of the justices who had joined the per curiam opinion also filed a "special concurrence" which, though concerned only with trial error, concluded that "[f]or the reasons stated the judgments should be reversed and remanded for a new trial so we have agreed to the Per Curiam order doing so." *Id.* at 746. Before the second trial, the defendant unsuccessfully contended in the state courts that the per curiam opinion was tantamount to a finding that the trial court should have directed a verdict for the defendant since a new trial would constitute double jeopardy. He was retried and convicted of first-degree murder. Petitioner pressed his double jeopardy defense in the Federal District Court and Court of Appeals to no avail. The United States Supreme Court held that, standing by itself, the per curiam opinion would compel the conclusion that petitioner's second trial violated his right against double jeopardy. However, the special concurrence left open the possibility that three of the justices who joined such opinion were concerned simply with error in the trial and joined in the remand solely to allow the defendant an error-free trial and not because they believed that the evidence was insufficient to support the verdict. The court held that "[g]iven the varying interpretations that can be placed on the actions of the several Florida appellate courts, we conclude that this case should be remanded ... for consideration in light of this opinion and *Burks.*" *Greene, supra* 437 U.S. at 26, 98 S.Ct. at 2155.

We find ourselves in a similar situation. There is nothing in this record to affirmatively indicate why the trial judge chose to grant a new trial. If the record showed that the trial judge did grant a new trial because of the insufficiency of the evidence, this court would have no choice but to reverse the judgment below and remand for acquittal in light of *Burks, supra*, and *Greene, supra*. *Chase v. State*, 573 S.W.2d 247 (Tex.Cr.App.1978). However, this was not the only reason for which a new trial may have been granted. We feel compelled to review the evidence in the original trial to determine whether the evidence was insufficient as a matter of law. If it is insufficient, then in accordance with *Burks, supra, Greene, supra*, and *Chase, supra*, a second trial should not have been held. *See Robinson v. State*, 570 S.W.2d 906 at 909 (Tex.Cr.App.1978).

■ The appellant contends that the evidence in the first trial was insufficient to show that the City of Houston owned the coin-operated machine in the information. We agree. The only evidence concerning ownership was presented by E. T. Daniel. Daniel stated that he was in charge of collecting money from the parking meters and that the money was deposited in the General Fund of the City of Houston. He stated that the meters were under his control but that he had nothing to do with purchasing them and did not have access to

the purchase and ownership records. Mr. Daniels stated that the Treasury Department had information concerning their ownership. On the second trial a representative of the Treasury Department testified and E. T. Daniel did not.

The state has the burden of proving the allegation of ownership as set out in the information. *Araiza v. State*, 555 S.W.2d 746 (Tex.Cr.App.1977). An allegation that ownership is in either the actual owner or in a special owner is sufficient. Tex.Code Crim.Pro.Ann. art. 21.08 (Vernon Supp. 1980–81); *Roberts v. State*, 513 S.W.2d 870 (Tex.Cr.App.1974). The information alleged the owner to be the City of Houston. The state's burden is to prove the facts alleged. The state presented evidence that, at best, proves E. T. Daniels to be a special owner but the indictment contained no such allegation. The evidence here fails to prove the fact which was alleged. *Araiza, supra; Roberts, supra; See Commons v. State*, 575 S.W.2d 518 (Tex.Cr.App.1979).

The evidence in the first trial was, therefore, insufficient. The prosecution should not be afforded another opportunity to present evidence that it failed to present at the first proceeding. It was, therefore, error for the trial court to overrule the appellant's plea of double jeopardy.

The judgment of conviction is reversed, and this cause is remanded to the trial court for entry of a judgment of acquittal.