**Searcy Ray SMITH, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. B14–81–395CR.**

Court of Appeals of Texas, Houston (14 Dist.).

Feb. 10, 1983.

Rehearing Denied Feb. 24, 1983.

Jimmy Phillips, Angleton, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

## OPINION

CANNON, Justice.

This appeal originates from a conviction for burglary of a coin-operated machine in violation of Tex.Penal Code Ann. § 30.03 (Vernon 1974). The jury assessed punishment at 365 days in jail and a $2,000 fine. Appellant raises eight grounds of error.

On December 23, 1981, this court initially decided this appeal, 630 S.W.2d 289. In that opinion, we only addressed appellant's first ground of error and reversed the judgment of conviction, finding that appellant had been twice in jeopardy, and ordered the trial court to enter a judgment of acquittal.

The State filed a Petition for Discretionary Review in the Court of Criminal Appeals and the same was granted, 638 S.W.2d 476. In its opinion delivered on September 15, 1982, the Court, in considering appellant's first ground of error, decided that there was ample evidence to show that the City of Houston owned the parking meters and that the evidence in the first trial was sufficient to support the jury's verdict. This cause was then remanded to us for further consideration of appellant's seven other grounds of error.

**478**

In his second and third grounds of error, appellant argues that the trial court erred in overruling the appellant's Motion to Quash the complaint and information because it did not properly describe the coin-operated machine, and it did not describe with particularity what kind of services the coin-operated machine dispensed or provided. The gist of the pleading on which this conviction is based reads, in pertinent part, as follows:

SEARCY RAY SMITH hereafter referred to as the Defendant, heretofore on or about June 16, 1978, did then and there unlawfully with the intent to obtain money, break and enter a coin-operated machine used for providing lawful sale of services and owned by City of Houston, hereafter styled the Complainant, without the effective consent of the Complainant.

The applicable statute is Tex.Penal Code Ann. § 30.03 (Vernon 1974):

§ 30.03. BURGLARY OF COIN–OPERATED MACHINES

(a) A person commits an offense if, without the effective consent of the owner, he breaks or enters into any coin-operated machine or other coin-operated contrivance, apparatus, or equipment used for the purpose of providing lawful amusement, sales of goods, services, or other valuable things, or telecommunications with intent to obtain property or services.

(b) For purposes of this section, "entry" includes every kind of entry except one made with the effective consent of the owner.

(c) An offense under this section is a Class A misdemeanor.

As correctly pointed out by the State, the description alleged eliminated coin-operated machines, or other coin-operated contrivance, apparatus, or equipment used for the purpose of providing lawful amusement, sale of goods, or other valuable things other than services, and telecommunications with intent to obtain property or services. In burglary cases, detailed particularity has not been required as to the description of the burglarized unit. In *Nichols v. State,* 494 S.W.2d 830 (Tex.Cr.App.1973), in which the word "house" was used to describe the burglarized unit, the Court of Criminal Appeals said:

The appellant argues the indictment should allege: "What type of house was involved; where such house was located; and where any alleged force was applied; where or in what manner any alleged breaking or entering occurred; what was broken; what was entered; how it was entered; the nature and type of any personal property; the value, if any, of any personal property; and when any alleged burglary occurred, that is, whether it was in the daytime or in the nighttime." These are matters of evidence and need not be alleged. The allegations of the indictment are sufficient. *Id.* at 833

In the instant case, the information correctly alleged the offense. The pleading focused on the one kind of coin-operated machine in issue, i.e., one providing lawful sale of services, thereby deleting all others described in the statute; the State is not required to plead the evidence. Therefore appellant's second and third grounds of alleged error are overruled.

In his fourth ground of error, appellant challenges the court's charge to the jury. Appellant contends that the court's charge allowed the appellant to be convicted on a theory not supported by the evidence, because it allowed the jury to convict the appellant if they found that he did break a coin-operated machine with the intent to obtain money. The court's definition of "break" read as follows:

By the term "break" includes as used herein is meant the application of actual force to the coin operated equipment. The slightest force is sufficient however if it be applied to the equipment for the purpose of obtaining profit or services therefrom without the effective consent of the owner.

In this state, "breaking" (as used in the statute defining the offense with which appellant was charged) can be shown by proof of the slightest force. *Davis v. State,* 474

S.W.2d 466 (Tex.Cr.App.1971); *Lee v. State,* 459 S.W.2d 851 (Tex.Cr.App.1971). The record reflects that the appellant, without the effective consent of the owner, used an unauthorized key to open the parking meter coin boxes. We find that this is sufficient proof of breaking, and overrule appellant's fourth ground of error.

■ Appellant complains in his fifth ground of error that the court erred in refusing appellant's requested instructions. These instructions sought to have the jury acquit unless it could find that the indictment described a specific parking meter which it was proved he burglarized within a short period of time. Each of the offenses fits within the offense alleged. Each of the three burglaries proved was individually sufficient to prove the offense alleged. In *Crocker v. State,* 573 S.W.2d 190 (Tex.Cr. App.1978), it was stated that:

A criminal transaction may be defined to be an act, or a series of acts, proceeding from one wrong impulse of the will, of such a nature that one or more of them will be indictable. *Id.* at 198.

Appellant's fifth ground of error is, therefore, overruled.

In his sixth ground of error, appellant contends that it was error to allow into evidence the key which was found in the patrol car where the appellant was arrested. This alleged ground of error is totally without merit as this item was never admitted into evidence. Ground six is therefore overruled.

■ Appellant asserts in his seventh ground of error that it was error for the trial court to allow testimony concerning extraneous offenses which occurred after the commission of the crime alleged in the information. The evidence regarding the proof of the second and third parking meter burglaries showed the context in which the criminal act occurred—what has been termed the 'res gestae'. *Albrecht v. State,* 486 S.W.2d 97, 100 (Tex.Cr.App.1972); *King v. State,* 553 S.W.2d 105, 106 (Tex.Cr.App. 1977). Appellant's seventh ground of error is overruled.

■ In his last ground of error, the appellant complains that the trial court erred in admitting State's Exhibit 4A, a fingerprint card, into evidence. The only objection made to this exhibit at trial was that the proper predicate for a business record had not been laid pursuant to Tex.Rev.Civ. Stat.Ann. Art. 3737e (Vernon Supp.1982) which reads, in pertinent part:

Section 1. A memorandum or record of an act, event or condition shall, insofar as relevant, be competent evidence of the occurrence of the act or event or the existence of the condition if the judge finds that:

(a) It was made in the regular course of business;

(b) It was the regular course of that business for an employee or representative of such business with personal knowledge of such act, event or condition to make such memorandum or record or to transmit information thereof to be included in such memorandum or record;

(c) It was made at or near the time of the act, event or condition or reasonably soon thereafter.

The record in this cause reflects the following questions and answers regarding Exhibit 4A:

MR. BAX: May I have these marked 4 and 4–A?

(State's Exhibits 4 and 4–A marked for identification purposes.)

Q (By Mr. Bax) Deputy Carrizales, let me show you what's been marked for identification purposes as State's Exhibit No. 4 and State's Exhibit No. 4–A.

A Yes, sir.

Q Are these the records that you brought with you today concerning Searcy Ray Smith?

A Yes, sir. They are.

Q And I believe you testified that you had care, custody and control of those records?

A Yes, sir.

Q Is State's Exhibit No. 4–A a true and correct copy of State's Exhibit No. 4?

A  Yes, sir. It is.

Q  And did you, yourself, make that copy of State's Exhibit 4–A from State's Exhibit No. 4?

A  Yes, sir.

Q  Now, State's Exhibit No. 4, is that a record that is made in the regular course of business there at the Harris County Sheriff's Department?

A  Yes, sir.

Q  And in the regular course of business of the Harris County Sheriff's Department someone who has personal knowledge makes entries into those records?

A  Yes, sir.

Q  And are those entries into those records made at or near the time of the event that is depicted in the record?

A  Yes, sir. That's correct.

Q  Would you tell us what State's Exhibit No. 4 is?

A  Exhibit 4 is classified as a jail card by the Sheriff's Department. This jail card gives the individual's name, last name first and gives thumbprints.

This proof was adequately made, and is sufficient compliance with the statute. *Dalton v. State,* 516 S.W.2d 937 (Tex.Cr. App.1974).

■ Appellant also complains that the exhibit contains prejudicial hearsay. However, the appellant did not at trial make the complaint he now makes that the exhibit contains hearsay. Therefore, there being no objection at trial directed toward hearsay, there is nothing presented for review. *Fazzino v. State,* 531 S.W.2d 818 (Tex.Cr. App.1976); *Eldred v. State,* 578 S.W.2d 721 (Tex.Cr.App.1979).

No reversible error has been shown; accordingly, all grounds of error are overruled and the judgment of the trial court is affirmed.