TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00646-CR







Yvette Gonzales, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT


NO. 8895, HONORABLE HAROLD TOWSLEE, JUDGE PRESIDING







At a bench trial, appellant Yvette Gonzales was adjudged guilty of theft and
sentenced to confinement in a state jail for two years. See Tex. Penal Code Ann. § 31.03(a),
(e)(4) (West Supp. 2000). The court suspended imposition of sentence and placed Gonzales on
community supervision. Gonzales brings forward three points of error, each relating to the failure
of the named owner of the stolen property to testify at trial. We will overrule these points and
affirm.

Gonzales was briefly employed as the service department cashier at Covert
Chevrolet, an automobile dealership in Bastrop. As cashier, it was her job to receive payments
from customers for service work done at the dealership and to deliver them together with the
corresponding invoices, to the accounting department. (1) On several occasions, Gonzales took cash
payments made by customers and hid the invoices in a drawer. She stole approximately $6000
in this manner over a period of two months. She was found out when she called in sick and the
substitute cashier was unable to balance the previous day's cash invoices with the cash on hand.

The indictment named Rox Covert as the owner of the stolen money. Covert did
not testify. Instead, the State called Merle Gothud, the general manager of Covert Chevrolet. 
Gothud testified that the business is a subchapter S corporation and that Rox Covert is a co-owner. 
Gothud was asked if he was "the agent for Rox Covert and Covert Chevrolet." Gonzales objected
that "he's trying to make this man the agent of Rox Covert and can therefore testify that he didn't
give consent for this theft, and I believe they have to have Rox Covert." The objection was
overruled but the question was not answered. Gothud went on to testify, over Gonzales's hearsay
objections, that he was authorized to speak on behalf of Covert Chevrolet and that neither Covert
Chevrolet nor Rox Covert gave Gonzales permission to take the money.

We do not address Gonzales's third point of error, by which she contends that
Gothud's testimony violated her Sixth Amendment confrontation right. See U.S. Const. amend.
VI. Gonzales did not make this contention to the district court and thereby waived it. See Tex.
R. App. P. 33.1(a). Point of error three is overruled.

In her remaining points of error, Gonzales contends the evidence does not support
the conviction because the owner of the stolen property did not testify. When a corporation is the
owner of stolen property, it is acceptable to allege "special ownership" in a person acting for the
corporation. See Miller v. State, 909 S.W.2d 586, 595 (Tex. App.--Austin 1995, no pet.). In this
case, the money taken by Gonzales belonged to Covert Chevrolet, a corporation. The indictment
alleged ownership in Rox Covert, a co-owner of the corporation. Gonzales urges that it was
necessary for Covert to personally testify that he did not give his consent to the taking, and that
in any event Gothud's testimony that Covert did not consent to the taking was inadmissible
hearsay because Covert was not shown to be unavailable to testify. See Tex. R. Evid. 804
(hearsay exceptions when declarant unavailable).

We agree that Covert was not shown to be unavailable, but that is irrelevant
because Gothud's testimony was not hearsay. Hearsay is an out-of-court statement offered to
prove the truth of the matter asserted. See Tex. R. Evid. 801(d). Gothud did not testify to any
statement by Covert. Gothud was asked if "at any time that you're aware of, did Rox Covert .
. . give consent to Yvette Gonzales . . . ." By answering no, Gothud did not expressly or by
necessary implication convey any statement by Covert, but merely indicated that he, Gothud, was
unaware of any consent. 

Gonzales relies on a single opinion to support her contention that it was necessary
for Covert to testify. See Araiza v. State, 555 S.W.2d 746 (Tex. Crim. App. 1977). Araiza was
accused of burglarizing the residence of C. D. Loop. Loop did not testify, but his wife and son
testified that they did not give consent to Araiza's entry. In reversing Araiza's conviction, the
court wrote that "it was incumbent upon the state to prove ownership and lack of consent as
alleged in the indictment. The failure to call C. D. Loop or to offer other evidence of his lack of
effective consent . . . rendered the evidence insufficient." Id. at 747 (emphasis added). As the
emphasized words make clear, Araiza does not support Gonzales's contention that the owner
named in the indictment must testify. Araiza merely stands for the proposition that ownership and
lack of consent must be proved as alleged. See Miller, 909 S.W.2d at 596.

In Taylor v. State, 508 S.W.2d 393 (Tex. Crim. App. 1974), the court overruled
opinions holding that lack of consent could not be proved circumstantially unless direct evidence
was unavailable. The court held that "proof of lack of consent to the entry and taking of personal
property in prosecutions for burglary . . . or theft may be made by circumstantial evidence the
same as any other issue in a criminal case may be proved by circumstantial evidence." Id. at 875. 
In Williams v. State, 591 S.W.2d 873, 875-76 (Tex. Crim. App. 1980), the court, citing Taylor,
held that the circumstantial evidence was sufficient to prove that the owner of stolen property did
not consent to the taking even though the owner did not testify. Gonzales's contention that it was
legally necessary for Rox Covert to personally testify to his ownership and lack of consent is
clearly contrary to the holdings in Taylor and Williams.

In Williams, the defendant was prosecuted for shoplifting a dress from a department
store. Ownership was alleged in the store manager, who did not testify. Instead, the apparel
manager for the store testified that he saw the defendant take a dress from a hanger, put it inside
his coat, and leave the store. See id. at 874. The court found this testimony sufficient to prove
the named owner's lack of consent. "It is a completely unreasonable hypothesis that a person who
had the consent of the owner of a store to take a dress would hide it under his coat after removing
it from the rack and depart from the store with it almost completely concealed under his clothing. 
We conclude that the [circumstantial] evidence . . . supports the court's finding." Id. at 876.

In the cause before us, the evidence shows that Gonzales pocketed cash payments
received from service department customers and hid the invoices rather than delivering the
payments to the accounting department as she was hired to do. Gothud testified that Gonzales
acted without Rox Covert's consent, but a rational trier of fact could infer a lack of consent from
the circumstances even without Gothud's testimony. Not only does it defy common sense to
suggest that Gonzales had Covert's permission to take customer payments for herself, but she
would have had no reason to hide her actions if she had been acting with the owner's consent. 
The circumstantial evidence is sufficient to support the court's finding that Gonzales acted without
Rox Covert's consent. Points of error one and two are overruled.

The judgment of conviction is affirmed.



 


 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: June 22, 2000

Do Not Publish
1. The witnesses referred to the invoices by a variety of additional terms, including tickets,
service orders, and repair orders. Each invoice detailed the labor done and parts used, the cost
of each item, the total cost, and the manner of payment. 



unavailable).

We agree that Covert was not shown to be unavailable, but that is irrelevant
because Gothud's testimony was not hearsay. Hearsay is an out-of-court statement offered to
prove the truth of the matter asserted. See Tex. R. Evid. 801(d). Gothud did not testify to any
statement by Covert. Gothud was asked if "at any time that you're aw