IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00106-CR

 

The State of Texas,

                                                                      Appellant

 v.

 

Vincent Tyree Carpenter,

                                                                      Appellee

 

 

 



From the County Court at Law

McLennan County, Texas

Trial Court No. 2004-3926-CR1

 



MEMORANDUM  Opinion



 

          For the reasons stated in State v.
Stanley, No. 10-05-00101-CR (Tex. App.—Waco July
27, 2005, no pet. h.) (per curiam), this appeal is dismissed. 

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice Reyna

(Chief
Justice Gray dissenting)

Appeal dismissed

Opinion delivered and
filed July 27, 2005

Do not publish

[CR25]






 burglary of a habitation and assessed punishment at
seventy-five years. Napier contends that the evidence is insufficient to sustain his conviction. He
also complains that the court erred in admitting testimony regarding his confession. Additionally,
he argues that the court erred in commenting on the evidence and in violating the "best evidence
rule." We affirm.
      On February 16, 1992, Pauline Banner's home was burglarized. Banner inherited the home
when her brother died the previous month. 
      A neighbor, Ernest Reed, testified that he was outside when he saw a car approach Banner's
house around 8:00 or 9:00 p.m. with no lights on. He also stated that there were no lights on in
Banner's house. Reed saw a man get out of the car and walk first to the front door and then to a
side door. The man got back in the car, and the driver drove to the end of the street, turned
around, and returned to the house. Reed then saw the same car door open, a man get out of the
car, and the driver drove off without turning on the headlights until he rounded the corner.
      Two other neighbors, Jeanette and Josephine Quintanilla, also saw the car return to the house
without its lights on. They saw some men carry a television set out of the house, put it in the
trunk, and drive the car off without turning on its lights.
      After tracing the car to Napier, Officer Holt asked Napier to come to the police station for
some questions. In an interview at the station, Napier admitted driving the car on the night of the
burglary. He then left the police station. 
      In his first three points, Napier complains that the charge to the jury did not apply the law
of parties to the facts of the case and, thus, the evidence is insufficient. When the evidence raises
an issue of whether a defendant is guilty under the law of parties, it is error for the trial judge to
refuse his request that the charge explicitly apply that law to the facts of the case. Johnson v.
State, 739 S.W.2d 299, 305 (Tex. Crim. App. 1987).
      The application paragraph in this case was as follows:
Now, therefore, if you believe from the evidence beyond a reasonable doubt that on
or about the 16th day of February, 1992, in McLennan County, Texas, that an unknown
individual or individuals did then and there intentionally, without the effective consent
of Pauline Banner, the owner thereof, enter a habitation with the intent to commit theft,
and the defendant, Gene Napier, then and there knew of their unlawful intent, if any, to
commit said Burglary, he acted with intent to promote or assist the commission of
Burglary of a Habitation, if any, by the unknown individual or individuals, by
encouraging, directing, aiding, or attempting to aid said unknown individual or
individuals in the commission of said offense, then you will find the Defendant, Gene
Napier, guilty of the offense of Burglary of a Habitation, as alleged in the indictment. 
Mere presence alone will not constitute one a party to an offense.
 
Unless you find and believe beyond a reasonable doubt, or if you have a reasonable
doubt thereof you will a[c]quit the defendant, any say by your verdict, not guilty.

The charge also contained an abstract definition of the law of parties. See Tex. Penal Code
Ann. §§ 7.01(a), 7.02(a)(1) (Vernon 1974).
      We hold that the law of parties was included in the application paragraph. Thus, the jury was
authorized to convict Napier as a party to the burglary. See Jones v. State, 815 S.W.2d 667, 669
(Tex. Crim. App. 1991). We overrule points one through three.
      In his fourth point, Napier argues that the court erred in allowing testimony regarding his
confession. Holt testified that Napier told him that two men asked him to drive them to a house
on twentieth street to pick up some of their property. 
      Article 38.22 of the Texas Code of Criminal Procedure states: "Nothing in this article
precludes the admission of a statement made by the accused . . . that does not stem from custodial
interrogation . . . ." Tex. Code Crim. Proc. Ann. art. 38.22, § 5 (Vernon 1979). An oral
admission that does not stem from custodial interrogation and that is given freely, voluntarily, and
without compulsion is admissible. Shiflit v. State, 732 S.W.2d 622, 623 (Tex. Crim. App. 1985).
      Various approaches have been used to determine whether a person is in "custody." Meek v.
State, 790 S.W.2d 618, 621 (Tex. Crim. App. 1990). One approach centers upon "whether a
reasonable person would believe that his freedom was being deprived in a significant way." Id.
(citing Shiflit, 732 S.W.2d at 624). Another approach relies on four relevant factors: (1) probable
cause to arrest, (2) subjective intent of the police, (3) focus of the investigation, and (4) subjective
belief of the defendant. Id. 
      The court held a suppression hearing to determine the admissibility of Napier's statements. 
Holt testified that Napier voluntarily came to the police station and was advised of his rights. Holt
did not tell Napier that he was under arrest or not free to leave. Holt stated that Napier
understood his questions, he voluntarily gave information, and he never requested an attorney or
asked to terminate the interview. After about thirty minutes, Holt told him that he intended to do
follow-up work on the case and speak with additional witnesses. Napier then left the station. 
      Following the suppression hearing, the court found that Napier's statements to Holt were not
the result of custodial interrogation. At a hearing on a motion to suppress, the judge is the sole
and exclusive trier of fact and judge of the credibility of the witnesses as well as the weight to be
given their testimony. Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). Thus,
the court had the right to believe Holt's testimony in its entirety. Also, the court's findings should
not be disturbed absent an abuse of discretion. Cantu v. State, 817 S.W.2d 74, 77 (Tex. Crim.
App. 1991).
      The court, as the exclusive trier of fact and judge of the credibility of witnesses, determined
that the statements were not the result of custodial interrogation. See Romero, 800 S.W.2d at 543. 
In light of the factors used to determine whether one is in custody, we hold that the court did not
abuse its discretion in holding that Napier was not in custody when he made the statements. See
Meek, 790 S.W.2d at 621. We overrule point four.
      In his sixth and seventh points, Napier argues that the court erred in allowing the testimony
concerning the title to the habitation where the burglary took place. He contends the will or title
document is the "best evidence of ownership" and, without production of either, there is
insufficient evidence to prove the elements of the case. 
      Ownership must be alleged and proven. Tex. Code Crim. Proc. Ann. art. 21.08 (Vernon
1989); Gilbreath v. State, 158 Tex. Crim. 616, 259 S.W.2d 223, 224 (1953). "Owner" is defined
in the general definition section of the Penal Code as "a person who has title to the property,
possession of the property, whether lawful or not, or a greater right to possession of the property
than the actor." Tex. Penal Code Ann. § 1.07(a)(24) (Vernon Supp. 1993). "Possession" is
defined in this same section as "actual care, custody, control, or management." Id. § 1.07(a)(28). 
Ownership of the burglarized premises may be proven in one of three ways: (1) title, (2)
possession, or (3) a greater right to possession than the defendant. Id. § 1.07(a)(24); Compton v.
State, 607 S.W.2d 246, 250 (Tex. Crim. App. 1980) (on rehearing). Thus, under the Penal Code,
any person who has a greater right to the actual care, custody, control, or management of the
property than the defendant can be alleged as the "owner."
      The "best evidence" rule requires that, if the contents of the writing are to be proved, it must
be by the production of the document. Ortiz v. State, 651 S.W.2d 764, 765 (Tex. Crim. App.
1983); Tex. R. Crim. Evid. 1002. The State, however, was not required to prove the contents
of a document. It merely had to prove that Banner was the owner; that is, that she had a greater
right to the actual care, custody, control, or management of the property than Napier.
      In reviewing the sufficiency of the evidence, the appellate court should view the evidence in
the light most favorable to the judgment. Flournoy v. State, 668 S.W.2d 380, 383 (Tex. Crim.
App. 1984). The initial inquiry is whether, after viewing the entire body of evidence in the light
most favorable to the judgment, a rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781,
2789, 61 L.Ed.2d 560 (1979). After viewing the evidence in the light most favorable to the
verdict, a rational trier of fact could have found the essential element of Banner's "ownership"
beyond a reasonable doubt. We overrule points six and seven.
      Napier complains in his fifth point that the court erred when it failed to sustain his objection
to the charge that Pauline Banner was not the owner of the property where the burglary occurred
and that the court thus commented in the charge on the weight of the evidence. The court gave
the jury specific instructions regarding the State's burden of proof and what elements it must find
to return a guilty verdict. The charge in part read:
The prosecution has the burden of proving the defendant guilty, and it must do so
by proving each and every element of the offense charged beyond a reasonable doubt; and
if it fails to do so, you must acquit the defendant.

The application paragraph further stated in part:
 
Now, therefore, if you believe from the evidence beyond a reasonable doubt that on
or about the 16th day of February, 1992, in McLennan County, Texas, that an unknown
individual or individuals did then and there intentionally, without the effective consent
of Pauline Banner, the owner thereof, . . . .
 
Unless you so find and believe beyond a reasonable doubt, or if you have a
reasonable doubt thereof you will acquit the defendant, and say by your verdict, not
guilty.

      A person commits the offense of burglary if, "without the effective consent of the owner,"
he enters a habitation with the intent to commit a felony or theft. Tex. Penal Code Ann. §
30.02(a) (Vernon 1989). Thus, the State was obligated to prove that Pauline Banner was the
owner of the property. The charge specifically instructed the jurors that they must find beyond
a reasonable doubt each element of the offense. Accordingly, the trial court did not comment on
the weight of the evidence. We overrule point five and affirm the judgment.

                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed September 15, 1993
Do not publish